COMMONWEALTH *vs.* ALEXANDER STRANGFORD & another.

In an indictment on Gen. Sts. *c.* 161, § 61, for fraudulently concealing mortgaged personal property, the property was described as "a large quantity of ready made clothing, the whole of the value of" a named sum; "a large quantity of dry goods, the whole of the value of" a named sum; "a large quantity of boots and shoes, the whole of the value of" a named sum; "a large quantity of hats and caps, the whole of the value of" a named sum, "which said personal property the jurors cannot more particularly describe"; and a description was given of the mortgage. *Held*, that the description of the property was sufficient.

INDICTMENT against Alexander Strangford and Andrew Strangford on Gen. Sts. *c.* 161, § 61, alleging that the defendants "at Easthampton, in said county of Hampshire, with force and arms, with a fraudulent intent to place mortgaged personal property beyond the control of the mortgagee, then and there from the

shop there situate, occupied by the said Alexander and Andrew Strangford, a large quantity of ready made clothing, the whole of the value of five hundred dollars, a large quantity of dry goods, the whole of the value of five hundred dollars, a large quantity of boots and shoes, the whole of the value of five hundred dollars, and a large quantity of hats and caps, the whole of the value of five hundred dollars, which said personal property the jurors cannot more particularly describe, all of which property was of the goods and chattels of the said Alexander and Andrew, and had been mortgaged, and then and there stood mortgaged by the said Alexander and Andrew, to one Horace Matthews, by virtue of a mortgage dated the fifteenth day of July A. D. 1872, which said mortgage was then and is now unpaid and in full force, did fraudulently and unlawfully remove and conceal, fraudulently intending thereby to place the said personal property beyond the control of the said Horace Matthews, the mortgagee aforesaid, and him the said Horace Matthews to cheat and defraud, against the peace," &c.

Before the empanelling of the jury, the defendants moved to quash the indictment, because " the offence with which the defendants are charged is not set out fully, plainly, substantially and formally, but the description thereof is too vague and indefinite, and the description of property too uncertain."

The court overruled the motion *pro forma,* and upon the trial in the Superior Court, before *Bacon,* J., the defendants were convicted. And the presiding judge, being of opinion that the ruling of the court upon the motion to quash was so doubtful as to require the decision of this court, at the request of the defendants, reported the case.

*G. D. Robinson,* for the defendants. The material allegations of the indictment do not conform in precision and certainty to the well established rules of criminal pleading. Constitution of Mass. pt. 1, § 12. 1 Chitt. Crim. Law, 169–173. Steph. Pl. 296. *Taylor* v. *Wells,* 2 Saund. 74, note. *Richardson* v. *Eastman* and *Oystead* v. *Shed,* 12 Mass. 505. The defendants could not know against what they were called upon to defend. The descriptions of the property are indefinite, uncertain and lumping.

None of them are sufficient.  2 Russell on Crimes (3d ed.) 107.
1 Bishop on Crim. Proced. § 323, and cases cited.  2 Ib. § 313.
1 Archbold's Crim. Pract. & Pl. by Waterman, 89 and notes.
*Rex* v. *Gilbert*, 1· East, 583, and cases cited in note.  Bishop on
Stat. Crimes, § 440.  1 Wharton's Crim. Law, § 354.  Bac. Ab.
Indictment, G.   This position is fully sustained by the uniform
practice and the current of decisions in this state.  *Commonwealth*
v. *Hall*, 15 Mass. 240.   *Commonwealth* v. *Maxwell*, 2 Pick. 139.
*Commonwealth* v. *Brown*, 15 Gray, 189.    The case at bar falls
within the principle and reasoning of *Commonwealth* v. *Brown*.
Each is on an indictment for a statutory offence.   The descrip-
tions of the property in each are substantially the same.  Descrip-
tions of coin and bank bills are the only exceptions recognized in
this state to the rule requiring particularity.   *Commonwealth* v.
*Sawtelle*, 11 Cush. 142.  *Commonwealth* v. *Grimes*, 10 Gray, 470.
*Commonwealth* v. *O'Connell*, 12 Allen, 451.   *Commonwealth* v.
*Hussey*, 111 Mass. 432.   No reason is to be found for extending
this indefiniteness to descriptions of other property.  The want of
description is not helped by the allegation, " Which said per-
sonal property the jurors cannot more particularly describe."   The
indictment must state the facts of the crime with as much cer-
tainty as the nature of the case will admit.   1 Chitt. Crim. Law,
171.   The allegation that the grand jurors could not more par-
ticularly describe the property is contradicted by the indictment
itself.   Number could be stated.   " Hats and caps," " boots and
shoes," could be alleged separately.   " Dry goods," and " ready
made clothing," could have been separated into the particular ar-
ticles.  *Commonwealth* v. *Stoddard*, 9 Allen, 280.  1 Chitt. Crim.
Law, 213.   1 Bishop's Crim. Proced. §§ 297–302.   The articles
are not of one class, or of the same kind. .  To include them in
general, sweeping allegations, without number, is bad.

C. R. Train, Attorney General, for the Commonwealth.

GRAY, C. J.   The objects of the rule of criminal pleading,
which requires property in reference to which an offence is al-
leged to have been committed to be definitely described in the
indictment, are to identify the offence, to give the defendant full
notice of the nature of the charge, to inform the court what sen-

tence should be passed if he is convicted, and to prevent his being put in jeopardy again for the same cause.

The authorities cited by the learned counsel for the defendants do not govern this case. Most of them relate to indictments for larceny, in which a particular description of the property stolen can ordinarily be obtained from its owner ; and where that cannot reasonably be expected, as in the case of larceny of coins or bank bills, it is sufficient to allege the collective value of the whole, without specifying the value or denomination of each. *Commonwealth* v. *Grimes*, 10 Gray, 470. *Commonwealth* v. *Butterick*, 100 Mass. 1. In *Commonwealth* v. *Hall*, 15 Mass. 240, the indictment was for a nuisance by erecting in a public highway " a number of sheds and buildings," which could easily have been separately described. In *Commonwealth* v. *Brown*, 15 Gray, 189, the indictment was for fraudulently conveying real estate without giving notice of an incumbrance thereon, and merely described it as " a certain parcel of real estate situated in Salem in the county of Essex." In *Commonwealth* v. *Maxwell*, 2 Pick. 139, the indictment which was held bad for not stating the number of persons entertained by the defendant on the Lord's day was upon a statute which made him liable to a penalty for each person so entertained.

In the present case, the offence charged is a fraudulent removal and concealment of the defendant's own personal property with intent to place it beyond the control of the mortgagee. The punishment does not depend on the amount or value of the property. Gen. Sts. *c.* 161, § 61. Beside the statement of quantity and value which is objected to as too indefinite, the indictment further describes the property as having been mortgaged by the defendants to a person named and by a deed of a specified date, and alleges that the jurors cannot more particularly describe it. This last allegation excuses the want of greater particularity in the description, if it would otherwise have been required. *Commonwealth* v. *Webster*, 5 Cush. 295, 323. *Commonwealth* v. *Sawtelle*, 11 Cush. 142, 144. *Commonwealth* v. *Stoddard*, 9 Allen, 280. *Commonwealth* v. *Sherman*, 13 Allen, 248. *People* v. *Kingsley* 2 Cowen, 522. Taking the whole indictment together, it clearly

identifies the offence, and gives the defendants full notice of the charge which they are required to meet.

*Judgment on the verdict.*