## George H. Wilson v. State of Nebraska.

FILED FEBRUARY 6, 1895.    No. 7166.

1. **Fraudulent Removal of Mortgaged Property:** INFORMATION. In an information under section 10, chapter 12, Compiled Statutes, for fraudulently removing mortgaged property out of the county, it is unnecessary to aver that the mortgage was in writing. The allegation that the defendant "duly mortgaged and thereby conveyed" meets the requirements of said section.

2. ———: ———. In such a prosecution it is not necessary to set out in the information the mortgage *in hæc verba*, nor to aver the amount of the indebtedness the mortgage was given to secure.

3. ———: ———. It is sufficient in such an information to allege that the mortgaged property was fraudulently removed from the county where the same was situated at the time the mortgage was given thereon, with the intent to deprive the owner of said mortgage of his security, without avering that the owner of the mortgage was the owner of the debts thereby secured.

4. ———: ———. In the prosecution for the removal of mortgaged property contrary to the provisions of the statute the value of the property at the time of the removal need not be alleged in the information, nor proved upon the trial.

5. ———: ———. *Held,* That the information set out in the opinion charges a criminal offense.

6. ———. Under the statute, the gist of the offense for which punishment is therein prescribed is the fraudulent removal of mortgaged personal property out of the county with the intent to deprive the owner of the mortgage of his security. The mortgagor who fraudulently removes from the county any portion of the mortgaged chattels, during the existence of the lien or title created by the mortgage, is equally amenable to the provisions of the law as the mortgagor who so removes the entire property mortgaged.

7. **Criminal Law:** REVIEW. In order to review alleged errors occurring during the trial of a criminal case such errors must be pointed out to the trial court in the motion for a new trial and a ruling obtained thereon.

ERROR to the district court for Burt county. Tried below before AMBROSE, J.

*H. E. Carter*, for plaintiff in error.

*A. S. Churchill, Attorney General*, for the state.

NORVAL, C. J.

Plaintiff in error was convicted in the district court of Burt county of removing mortgaged property out of the county, with intent to deprive the owners of the mortgage of their security. At the commencement of the trial the defendant objected to the introduction of any evidence, on the ground that the information does not charge a crime, which objection was overruled, and an exception was taken by counsel for the prisoner. This ruling is assigned as error.

The information, after the usual formal averments, sets forth the charge against the prisoner in the following terms: "That George H. Wilson, late of the county aforesaid, did, on the 15th day of November, A. D. 1894, in the county of Burt and state of Nebraska, aforesaid, duly mortgage and thereby convey to Monroe and Stauffer, said Monroe & Stauffer being a partnership composed of Henry W. Monroe and Samuel W. Stauffer, and no others, the following personal property, to-wit: One bay mare named Nell, age seven years, weight about 1,000 pounds, diamond brand on shoulder; one bay mare named Minnie, aged six years, weight about 750 pounds, branded W on right shoulder; and that afterwards, to-wit, on the 26th day of November, 1893, during the existence of the lien and title created by said mortgage, and without the knowledge or consent of said Monroe & Stauffer, or said Henry W. Monroe or said Samuel W. Stauffer, or either of them, or any of them, unlawfully, willfully, and feloniously did remove, permit, and cause to be removed said mortgaged

property out of Burt county, where said property was situated at the time the said mortgage was given thereon, with the fraudulent intent of him, the said George H. Wilson, unlawfully and feloniously to deprive said Monroe & Stauffer, and each of them, of their security, said Monroe & Stauffer then and there being the owners of said mortgage." The statute on which the prosecution is founded, section 10, chapter 12, Compiled Statutes, declares : "That any person who, after having conveyed any article of personal property to another by mortgage, shall during the existence of the lien or title created by such mortgage, remove, permit, or cause to be removed, said mortgaged property, or any part thereof, out of the county within which such property was situated at the time such mortgage was given thereon, with intent to deprive the owner or owners of said mortgage of his security, shall be deemed guilty of felony, and on conviction thereof shall be imprisoned in the penitentiary for a term not exceeding ten years, and be fined in a sum not exceeding one thousand dollars."

It is first urged by counsel for plaintiff in error that the information is insufficient, in that it fails to allege the mortgage was in writing. It is unnecessary to decide whether the provisions of the statute under which the information is founded extend only to written chattel mortgages, but assuming, for the purposes of this case, that the section does not extend to or comprehend mortgages which are merely verbal, we are nevertheless of the opinion the averment in the information that the plaintiff did "duly mortgage and thereby convey," etc., is sufficient, and would authorize the introduction in evidence of a written mortgage. This allegation must be construed to mean that the defendant executed such a mortgage as is contemplated by the statute. It was not necessary to set out in the information the mortgage *in hæc verba*. The statute does not require such particularity in charging the offense. Unreasonable strictness should not be required in criminal

pleadings.    If an information plainly charges a crime, and informs the accused what act of his is complained of, it is sufficient.

It is next insisted that the information is fatally defective and insufficient in not alleging that the mortgage was given to secure a valid indebtedness.    This is hypercritical and untenable.    The section we have been considering defines the offense which it creates.    It contains all the elements which the law-makers saw fit to require should exist to constitute the crime.    A mortgage must have been made conveying personal property to another, and the mortgagor must have removed, permitted or caused to be removed some portion of the property out of the county where it was situated when such mortgage was given thereon, during the existence of the lien or title created by the mortgage, with the intent to deprive the owner of his security. The crime is complete when all these things occur.    Mr. Bishop, in his work on Criminal Procedure (vol. 1, sec. 611), says: "To the extent to which the statute defines the offense, leaving the rest, if anything, to the common law, it is ordinarily adequate, while nothing less will in any instance suffice, to charge the defendant with all the acts within the statutory definition,    *    *    *    substantially in the words of the statute, without further expansion."    The doctrine laid down by this eminent author is sound law as well as good sense.    The failure to allege the indebtedness which the mortgage was given to secure does not invalidate the information.

It is contended the information fails to state a crime for the reason that it does not allege that Monroe & Stauffer were the owners of the mortgage debt.    It is averred that they were the owners of the mortgage at the time the property was removed, which complies with the terms of the statute.

Further objection is made to the information because it does not charge or show that the property removed had any

value at the time of the removal.   The punishment in no manner depends upon the amount or value of the property. In that respect the law differs materially from the statute relating to larceny.   In a prosecution for larceny in this state, where the value of the property is an essential element of the offense, it is necessary to allege some specific value of whatever property is charged to have been stolen. The reason of the rule is, that it is indispensable to conviction to prove the value of the property; since the decree of punishment depends on the value of the stolen property, it is essential that the value be proved on the trial and found by the jury to guide the court in fixing the punishment.   It being essential to be proved, it is necessary that the value be averred in the information.   But this rule does not apply to the case before us, since the punishment for the fraudulent removal of mortgaged chattels is not controlled by the value of the property removed.   The presumption is that the property described in the information possessed some value at the time of the removal, unless the contrary is shown.   If upon the trial it should be established that the property had no value the prosecution would end.   It was not necessary for the state in the first instance to offer evidence on the question of value, hence it was not essential to have alleged the value of the property in the information.   In some of the states it has been held that in prosecutions for the sale or removal of mortgaged property, the value of the property must be alleged in the indictment and found by the jury.   But this rule obtains only in those states where the degree of punishment is determined by the value of the property sold or removed. (*Commonwealth v. Strangford*, 112 Mass., 289.) It has been repeatedly decided that in a prosecution for larceny it is unnecessary to aver in the indictment the value of the thing alleged to be stolen, when the statute makes the stealing of the particular article a crime without reference to its value. (1 Bishop, Criminal Procedure, secs.

541, 567; *Shepherd v. State*, 42 Ala., 531; *State v. Daniels*, 32 Mo., 558; *People v. Townsley*, 39 Cal., 405; *State v. Burke*, 73 N. Car. 83; *State v. Gallespie*, 80 N. Car. 396; *Lopez v. State*, 20 Tex., 780; *Davis v. State*, 40 Tex., 134; *Collins v. State*, 20 Tex. App., 197; *Green v. State*, 21 Tex. App. 64; *Sullivan v. State*, 13 Tex. App., 462; *People v. Stetson*, 4 Barb. [N. Y.], 151.) In our opinion the information in the case at bar charges an offense against the law of the state, and the court did not err in overruling the prisoner's objection to the admission of testimony thereunder. The views here expressed render unnecessary a consideration of the point that there was no proof introduced on the trial of the value of the property alleged to have been removed.

It is urged that the evidence fails to sustain a conviction, for the reason that there was no proof that the removal of the property impaired the security of the mortgagees. It was shown upon the trial that a portion of the mortgage debt had been paid prior to the commission of the acts charged in the information, and that the wagon, the remaining property described in the mortgage, had been increased in value by painting and other repairs. The contention of plaintiff in error is that no criminal liability exists under the statute in removing mortgaged property, where the mortgagor leaves at the disposal of the mortgagee sufficient property covered by the mortgage to fully liquidate the indebtedness. This position is unsound. The gist of the offense is the fraudulent removal with the intent to deprive the owner of the mortgage of his security. The fact that mortgagor was solvent, or had other property than that described in the mortgage from which the mortgagees could have collected their debt, or that the wagon was ample security for the claim, can make no difference. The mortgagees were entitled to have satisfaction out of the specific property on which their mortgage was a lien. By the fraudulent removal of a portion of the property

mortgaged, the value of their security was lessened.    The mortgagor who fraudulently removes from the county a portion of the mortgaged chattels is equally amenable to the provisions of the law as the mortgagor who so removes the ·entire property mortgaged.    No other reasonable interpretation can be placed upon the statutes.    The language of the section is "remove, permit or cause to be removed, said mortgaged property, or any part thereof, out of the county," etc.

Objection is made to the ruling of the trial court in permitting the officer who made the arrest to testify what the prisoner said to him at the time.    This evidence was stricken out by the court as soon as given.    We cannot reverse the judgment because of the admission of this testimony, since the point was not passed upon by the trial court.    A motion for a new trial was duly filed, but no ruling was ever had thereon in the lower court, hence, the decisions made during the progress of the trial cannot be considered by this court.    (*Dillon v. State*, 39 Neb., 92.) There being no reversible error in the record, the judgment. is

AFFIRMED.