COMMONWEALTH *vs.* JOSEPH DE FRANCESCO.

Suffolk. January 17, 1924. — February 25, 1924.

Present: RUGG, C.J., DECOURCY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Presumptions and burden of proof.

The presumption of innocence of the accused at a trial of a complaint or an indictment is not a matter of evidence.

The words, " presumption of innocence," as used in decisions of this court, mean merely that the finding of an indictment by the grand jury or an appeal on a complaint from a district court are not to be regarded as circumstances tending to criminate the defendant or creating against him unfavorable impressions, and that he is not to be found guilty upon suspicion or conjecture but only upon evidence produced in court.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on June 12, 1923, charging that the defendant, being then and there an unnaturalized foreign born person, did have in his possession and under his control a certain firearm, to wit, a revolver, as defined in G. L. c. 140, § 121, without having a permit under § 131 of that chapter.

On appeal to the Superior Court, the complaint was tried before *Lummus,* J. At the close of the evidence, the defendant asked for the following rulings:

" 1. That the defendant is presumed to be innocent. The presumption of innocence runs in his favor as to every element of the crime charged and abides with him throughout the case until guilt is established beyond a reasonable doubt.

" 2. That the defendant is presumed to be innocent. This presumption is with the defendant at the outset of the

trial and continues with him through all its stages unless and until evidence is introduced proving his guilt beyond a reasonable doubt.

" 3. That the presumption of innocence is evidence in favor of the defendant introduced by the law in his behalf.

" 4. That the legal presumption of innocence is to be regarded by the jury as matter with the force of evidence to the benefit of which the defendant is entitled.

" 5. The defendant comes to the bar, upon the complaint of which he is charged and is tried upon such complaint with the presumption of innocence in his favor, and that this presumption of innocence must stand by the defendant until it is overcome by evidence sufficient to remove all reasonable doubt as to his guilt.

" 6. That unless the government puts before the jury evidence sufficient to overcome the presumption of innocence and establishes the contrary of the proof which the law sets up by this presumption beyond a reasonable doubt, even though the defendant offered no evidence, the jury must find the defendant not guilty of the complaint charged.

" 7. The law presumes that persons charged with crime are innocent until they are proven by competent evidence to be guilty.   To the benefit of this presumption the defendant is entitled, and this presumption stands as his sufficient protection until it has been removed by evidence proving his guilt beyond a reasonable doubt.

" 8. The presumption of innocence is a proof which the law has established in favor of the defendant and the government must overcome this proof by evidence which shall remove this presumption beyond a reasonable doubt.

" 9. The presumption of innocence is a condition which the law has established in favor of the defendant, and the government must overcome this condition by evidence which shall remove this presumption beyond a reasonable doubt.

" 10. The presumption of innocence is a condition of proof which the government has established in favor of the defendant, and, to entitle the government to a verdict of guilty it must overcome this presumption by evidence which shall remove this presumption beyond a reasonable doubt.

" 11. The presumption of innocence prevails throughout the trial, and it is the duty of the jury, if possible, to reconcile the evidence with this presumption.

" 12. Innocence of the defendant is a presumption which the law has established in favor of him which remains until the government has satisfied the jury beyond reasonable doubt of the defendant's guilt.

" 13. Unless the government has introduced evidence sufficient to overcome the presumption of innocence and established the contrary beyond a reasonable doubt, even though the defendant furnishes no further proof, you must find him ' not guilty.'

" 14. The law raises in favor of every person a presumption of innocence; and this presumption exists, when a person is charged with crime in favor of him as a shield and protection. He has a right to its benefits, and it is enough to entitle him to a verdict of not guilty until it shall have been overcome by evidence that convinces the jury beyond a reasonable doubt of all the allegations necessary to establish his guilt. He is not required to prove himself innocent or to offer any evidence on that subject and the jury is to consider the evidence in the light of this presumption of the defendant's innocence.

" 15. The defendant is presumed to be innocent, and the said presumption of innocence abides with him during the trial, and has the force of legal evidence to be considered by the jury in his favor, and can only be overcome when the jury upon all the evidence in the case is convinced beyond a reasonable doubt that the allegations in the indictment are true.

" 16. The presumption of innocence is a matter of evidence."

Except as included in his charge, the judge denied the rulings requested.

Material portions of the charge of the judge are as follows:

" As I feel bound to do, I instruct you that the defendant, like every other defendant in a criminal case, is presumed to be innocent. But I should not do my full duty if I should leave with you the expression ' presumed to be innocent,' as

a mere verbal formula, ambiguous and misleading as it may be, without trying to explain its meaning.

" The presumption of innocence, to which every defendant in a criminal case is entitled, means that the defendant shall not be found guilty upon assumption, suspicion or conjecture, but only upon evidence of his guilt actually produced in court; that his being suspected, charged with crime, arrested, held in custody, complained of, convicted or bound over in a district court, or indicted, shall not be deemed evidence of his guilt and shall not put him in any unfavorable light before the court and jury; that he need not present evidence of his innocence, but may rest inactive and secure until the Commonwealth goes forward with evidence and proves him guilty; and that he is entitled to have a verdict of not guilty ordered by the court unless the evidence is sufficient to warrant a finding by the jury that he is guilty beyond a reasonable doubt.   It is also true that he is entitled to have a verdict of not guilty rendered by the jury unless the evidence actually convinces them beyond a reasonable doubt that he is guilty; though this does not result from the presumption of innocence.

" The presumption of innocence, . . . is not any evidence for the jury in favor of the defendant.   A presumption is not evidence, but is a rule which governs until sufficient evidence to the contrary appears.   In weighing the evidence the jury should not put any preconception, prepossession, bias, or other artificial weight into the scale, in favor of the defendant, any more than they would in favor of the Commonwealth, but should let the evidence have its natural and rational effect upon their minds; and then should convict only in case the evidence convinces them, beyond a reasonable doubt, that the defendant is guilty, and otherwise should acquit."

The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*C. D. Driscoll & R. S. Driscoll*, for the defendant.

*M. Caro*, Assistant District Attorney, for the Commonwealth.

RUGG, C.J.   The sole questions on these exceptions are whether a defendant in a criminal case is entitled to instruc-

tions to the effect that the presumption of innocence is evidence in his favor, and that that presumption remains with the defendant throughout the trial until it is overcome by evidence or until the verdict is reached. Requests to this effect were preferred in various forms of words.

The presumption of innocence never has been held to be evidence in this Commonwealth. It expressly was held that the "presumption of innocence is not a matter of evidence" in *Commonwealth* v. *Sinclair*, 195 Mass. 100, where Mr. Justice Sheldon spoke for the court. The opinion upon this point is brief but positive. The supporting citations there collected at page 110 from courts of sister States demonstrate that the words used and already quoted were intended to express the precise meaning conveyed by their natural signification. That such a presumption is not evidence is plainly implied from the statement of Chief Justice Shaw in *Commonwealth* v. *Webster*, 5 Cush. 295, at page 320: "All the presumptions of law independent of evidence are in favor of innocence." That statement could not have been made if the presumption of innocence were evidence. That sentence marks a distinction between the presumption and evidence. In *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378, it was decided that a presumption was not evidence but a rule about evidence. Nothing was decided contrary to this current of our decisions in *Commonwealth* v. *Anderson*, 245 Mass. 177. That case merely held that a defendant was ordinarily entitled to an instruction to the effect that he was presumed to be innocent at the opening of the trial. That was a necessary conclusion from our decisions, as is pointed out in the opinion. Nothing is required beyond a plain statement that the presumption of innocence means that the finding of an indictment by the grand jury or the record on an appeal on a complaint from a finding of guilty in a district court are not to be regarded as circumstances tending to criminate the defendant or creating against him unfavorable impressions, and that he is not to be found guilty upon suspicion or conjecture but only upon evidence produced in court. A simple statement of that nature fully protects rights of a defendant in this particular.

Instructions concerning the burden of proof and the amount of evidence necessary to convict of course must be given, but they relate to subjects wholly different from the presumption of innocence. *Commonwealth* v. *Webster,* 5 Cush. 295, 320.

That the presumption of innocence which exists in criminal cases is evidence was plainly held in *Coffin* v. *United States,* 162 U. S. 664, decided on May 4, 1896. The denial of a request for a categorical instruction to that effect was held not to be error in *Agnew* v. *United States,* 165 U. S. 36, decided January 11, 1897, and at page 52 it was said respecting that request that " the court might well have declined to give it on the ground of the tendency . . . to mislead." *Coffin* v. *United States* was discussed and apparently narrowed in its scope on this point. Again, in *Holt* v. *United States,* 218 U. S. 245, substantially the same words were used in deciding that there was no error in denying a request that the " presumption of innocence is evidence in the defendant's favor." *Agnew* v. *United States* is cited as authority and reference is made to § 2511 of Wigmore on Ev. (2d ed.), but no reference is made to *Coffin* v. *United States.* It would seem that on the point, whether the presumption of innocence is evidence, the law as now declared by the Supreme Court of the United States does not differ from our own as hitherto declared and here reaffirmed.

Sound reasoning and a considerable body of authority appear to us to support our rule that the presumption is not evidence. See, in addition to cases cited in *Commonwealth* v. *Sinclair,* 195 Mass. 110, and in Wigmore on Ev. (2d ed.) § 2511, and notes, " The Presumption of Innocence in Criminal Cases " by J. B. Thayer in Preliminary Treatise on Evidence, 551–576, 3 Chamberlayne on Ev. § 1175c, *Lisbon* v. *Lyman,* 49 N. H. 553, 563, *State* v. *Linhoff,* 121 Iowa, 632, 636, *Price* v. *United States,* 132 C. C. A. 1, *State* v. *Brauneis,* 84 Conn. 222, 229.

The requests for rulings were rightly refused in so far as not covered in the charge, and the instructions given were not erroneous.

*Exceptions overruled.*