COMMONWEALTH *vs.* ELDREN A. MITCHELL.

Suffolk.    February 25, 1924. — April 12, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Evidence,* Circumstantial, Presumptions and burden of proof.   *Practice, Criminal,* Judge's charge.

At the trial of an indictment for larceny where there was evidence tending to show that the defendant was connected with a stockbroking concern and got property from customers to be used in certain ways and then used it otherwise for his own purposes and to the loss of the customers, it was *held,* that

(1) A request " That unless every fact established by the evidence is consistent with the hypothesis of the defendant's guilt, the Government has failed in its proof, and the verdict must be not guilty," properly was refused;

(2) A request, " That if the testimony in this case in its own weight and effect be such that two conclusions can be reasonably drawn from it, the one favoring the defendant's innocence and the other tending to establish his guilt, the jury must adopt the former and must find the defendant not guilty," properly was refused;

(3) A request, " That all the facts proved must be consistent with each other and with the main fact sought to be proved, in order to find the defendant guilty," properly was refused;

(4) A request, " That if any one fact necessary to the conclusion of the guilt of the defendant is wholly inconsistent with the hypothesis of the guilt of the defendant, it breaks the chain of circumstantial evidence upon which the inference depends and the defendant must be found not guilty," properly was refused;

(5) Although the defendant asked that the judge instruct the jury " That the burden of proving beyond a reasonable doubt all of the essential elements of the crime charged, continues with the Commonwealth throughout the whole case," the judge was not bound to charge in that exact language.   His charge in this instance was *held* to be full and adequate.

INDICTMENT, found and returned on September 10, 1921, charging the defendant in twenty counts with larceny.

In the Superior Court, the defendant was tried before *Keating,* J.   Material evidence and requests by the defendant for instructions are described in the opinion.   The defendant was found guilty on thirteen counts and alleged exceptions.

The case was submitted on briefs.

*J. P. Walsh, E. M. Dangel & G. F. Grimes,* for the defendant.

*M. Caro,* Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant was indicted with Wilfred Mulveny and Dwight W. Berry, for larceny. The three defendants were connected with W. Mulveny and Company, Incorporated, a stockbroking concern; and the Commonwealth introduced evidence to show that they, or some of them, got property from customers to be used in certain ways, and then, in fact, used it otherwise — for their own purposes and to the loss of the customers.

This defendant having waived exceptions as to evidence and to the refusal to give certain requests for instructions, it remains to decide whether the defendant was entitled to have the trial judge instruct the jury in accordance with the following requests:

" 3. That the burden of proving beyond a reasonable doubt all of the essential elements of the crime charged, continues with the Commonwealth throughout the whole case."

" 5. That unless every fact established by the evidence is consistent with the hypothesis of the defendant's guilt, the government has failed in its proof, and the verdict must be not guilty."

" 17. That if the testimony in this case in its own weight and effect be such that two conclusions can be reasonably drawn from it, the one favoring the defendant's innocence and the other tending to establish his guilt, the jury must adopt the former and must find the defendant not guilty."

" 19. That all the facts proved must be consistent with each other and with the main fact sought to be proved, in order to find the defendant guilty.

" 20. That if any one fact necessary to the conclusion of the guilt of the defendant is wholly inconsistent with the hypothesis of the guilt of the defendant, it breaks the chain of circumstantial evidence upon which the inference depends and the defendant must be found not guilty."

There was no error in the denial of requests 5, 17, 19 and 20. It is true that, when guilt is sought to be established by circumstantial evidence, if one of the circumstantial facts, essential to the chain of evidence, is inconsistent with the guilt of the accused, the continuity of the proof is broken; and proof beyond a reasonable doubt, by that set of circumstances, is made impossible. When such is the case, the accused is entitled to a ruling to that effect. But it by no means follows that the defendant must be found not guilty. There may be other evidence in the case from which guilt may be proved with the necessary certainty. So there may be facts, which, standing by themselves, would be inconsistent with guilt, yet which are so controlled or overcome by other facts that all reasonable doubt of guilt is removed.

The trial judge was not bound to charge in the words of request 3. He instructed the jury: " The burden of proof rests upon the government to prove beyond a reasonable doubt every substantive fact necessary to be proved in order to convict the defendants of any crime under these indictments. And if the government fails to do so the defendants should be acquitted. The defendants are presumed to be innocent. That presumption of innocence remains in their favor as to every element of the crime charged, and that presumption remains through the case until guilt is established beyond a reasonable doubt," and, after defining reasonable doubt sufficiently, and speaking of facts and circumstances, he went on: " It is not sufficient that they [facts and circumstances] create a probability. It is essential that the facts and circumstances taken as a whole and giving them their reasonable and just weight, and no more, should, to a moral certainty, exclude every other reasonable hypothesis except guilt. The jury must find the intent of the defendants from all the facts, and cannot presume any intent on the part of a defendant to steal from any particular circumstances or act of the defendant in the case." He further took up, separately, each of the counts in the indictment on which the Commonwealth asked a conviction, stated the evidence sufficiently to make his rulings clear, and

instructed correctly when the accused could be found guilty and when not.

The substance of all these requests, so far as it was appropriate, was covered by the charge. The charge was inaccurate in regard to the presumption of innocence, see *Commonwealth* v. *De Francesco, ante,* 9; *Commonwealth* v. *Sinclair,* 195 Mass. 100; but the defendant was not prejudiced thereby. We find no prejudicial error.

*Exceptions overruled.*