COMMONWEALTH *vs.* HARRY JOHNSON.

Middlesex. October 24, 1924, — November 25, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Larceny. Evidence,* Presumptions and burden of proof.

Evidence at the trial in the Superior Court of a complaint charging the defendant with stealing fifty-nine pounds "of rib roast of beef of the value of less than three hundred . . . dollars of the property of G. F. Richardson," tended merely to show that an expressman on a Friday delivered to a store of a partnership, of which the defendant was a partner, three bundles and three boxes all marked with the defendant's name except one, which was marked "G. H. Richardson" and the contents of which were unknown to the witnesses; that the following Monday the express driver went to the store and inquired about the bundle marked "G. H. Richardson" and the defendant denied receiving it; that the driver looked over coverings in the defendant's cellar and could find none marked "G. H. Richardson." There was no evidence that G. F. Richardson or "G. H. Richardson" had any property either general or special in the bundle or that the defendant got possession of the bundle to his own use by fraud with intent to convert it. *Held,* that

(1) There was no evidence either direct or indirect tending to support the verdict of guilty;

(2) The question was not one of variance;

(3) A request by the defendant, that "on all the evidence the verdict must be not guilty," should have been given.

In the course of the charge at the trial above described, the judge instructed the jury that they ought not to start with the idea that any previous proceedings taken in the case constituted any evidence of guilt; that the burden was on the Commonwealth to satisfy the jury beyond a reasonable doubt that the charge made was true, and that, "in order for the jury to find the defendant guilty, they must, upon a consideration of all the evidence in the case, feel so certain in their own minds that the

charge was true that they would not hesitate to act upon that conviction in matters of the highest importance to their own interests." After the charge, the defendant orally asked the judge to instruct the jury that the defendant came into court with the presumption of innocence in his favor. The judge denied the request. *Held*, that justice to the defendant called for the instruction asked for, and, the attention of the judge having been directed to the omission, it should have been given.

COMPLAINT, received and sworn to in the District Court of Newton on April 3, 1923, charging the defendant with stealing on February 7, 1923, fifty-nine pounds of rib roast of beef of the value of less than $300 "of the property of G. F. Richardson."

On appeal to the Superior Court, the complaint was tried before *Hammond*, J. Material evidence is described in the opinion. Testimony of Cornelius F. Driscoll there described was given in rebuttal. At the close of the evidence, the defendant asked for the following rulings:

"1. On all the evidence the verdict must be not guilty.

"2. If the jury finds that at the time of the delivery of the packages by the expressman, the defendant Johnson was not present, the verdict must be not guilty.

"3. If Johnson received the bundle and honestly believed it belonged to him, the verdict must be not guilty.

"4. There is no evidence that the defendant intended to steal the goods as charged in the complaint.

"5. The burden of proof is on the Commonwealth to prove beyond a reasonable doubt that at the time of the delivery of the bundle to the defendant he knew it did not belong to him and at that time he intended to steal it.

"6. If at any time after the delivery the defendant learned that the bundle did not belong to him, and resolved to keep it, the verdict must be not guilty."

The requests were refused.

On the question of the burden of proof, the judge "charged the jury that they ought not to start with the idea that any previous proceedings taken in the case constituted any evidence of guilt; that the burden of proof was on the government to satisfy the jury beyond a reasonable doubt that the charge was true, and that in order for the jury to find the

defendant guilty, they must, upon a consideration of all the evidence in the case, feel so certain in their own minds that the charge was true that they would not hesitate to act upon that conviction in matters of the highest importance to their own interests."

The requests made by the defendant after the charge and refused by the judge are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*P. J. Delaney & J. B. O'Hare,* for the defendant.

*A. K. Reading,* District Attorney, *& W. L. Bishop,* Assistant District Attorney, for the Commonwealth.

BRALEY, J. The complaint on which the defendant was tried and convicted charged him with stealing on February 7, 1923, fifty-nine pounds " of rib roast of beef of the value of less than three hundred . . . dollars of the property of G. F. Richardson." G. L. c. 266, § 30. The record fails to show any evidence either direct or circumstantial tending to support the verdict of guilty. The order of proof is immaterial. A witness for the Commonwealth, one Cornelius F. Driscoll, testified, that he was the proprietor of an express business and was present when an automobile was loaded with six packages, two bundles weighing about seventy pounds, a large bundle weighing about two hundred and four pounds and three bundles which he estimated weighed about sixty or seventy pounds each. The express charges at that time were twenty-five cents for bundles weighing less than one hundred pounds, and fifty cents for bundles weighing more than one hundred pounds, and that he had the defendant "Johnson's signature on his consignee's sheet for February second." But, the sheet having been produced, the signature of Johnson was not found. James Driscoll, son of Cornelius and employed by his father as a chauffeur, testified, that on February 7, 1923, there were three bundles of meat and three boxes on the automobile which he was driving, two bundles and three boxes of which were marked " H. Johnson," and one bundle to which a tag marked " G. H. Richardson " was attached, and that he did not know the contents of this bundle. The witness, when he arrived at

the defendant's store, did not leave the truck, but passed the six bundles to his helper who delivered them. The following Monday he spoke to the defendant about receiving on Friday night a bundle marked " G. H. Richardson." The defendant denied having received the bundle, and the witness went into the cellar of the store "and looked for coverings, but could find none bearing the tag G. H. Richardson." Alexander T. Javie, also an employee of Cornelius, who was with James Driscoll at the time, testified, that he and one other man carried all six bundles from the truck to the store, and laid them on the floor, and that he did not know what the bundles contained. The defendant complained of the express charges, and told his partner they were too much and not to pay them. The evidence of Louis Beckerman, a third employee, in so far as material was the same as the evidence of Javie.

This evidence for the prosecution was in no way enlarged or strengthened by the testimony of the defendant and his witnesses, who in substance denied that a bundle whose contents were unknown, or a bundle tagged "G. H. Richardson" was delivered; nor was there any proof that "G. H. Richardson" or G. F. Richardson had any property either general or special in the bundle, or that the defendant got possession of the bundle to his own use by fraud with intent to convert it. *Commonwealth* v. *Rubin,* 165 Mass. 453.

The question presented is not a question of variance, which in some cases may not be fatal under G. L. c. 277, § 35, but is one of error going to the merits of the accusation. *Commonwealth* v. *Strangford,* 112 Mass. 289, 291, 292. The defendant's request, that " on all the evidence the verdict must be not guilty " should have been given.

At the close of the instructions, the defendant asked the judge to instruct the jury, that he came into court with a presumption of innocence in his favor. The request was denied, and the defendant excepted. But, even if no request in writing had been made before the arguments to the jury were begun, the defendant well might assume that this fundamental principle under our law would be stated. Very plainly justice to the defendant called for such instruction,

and, the attention of the judge having been directed to the omission, it should have been given. *Commonwealth* v. *Anderson,* 245 Mass. 177, 190. *Mahoney* v. *Gooch,* 246 Mass. 567, 571.

We do not find it necessary to consider the remaining exceptions to the denial of the second, third, fourth, fifth and sixth requests, or to the instructions.

*Exceptions sustained.*