COMMONWEALTH *vs.* PATRICK F. POWERS.

Suffolk.    February 6, 1936. — March 6, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Evidence*, Of identity, Competency, Relevancy and materiality, Admissions, Presumptions and burden of proof. *Practice, Criminal*, Charge to jury.

At the trial of an indictment for use of a motor vehicle without authority, where it appeared that the vehicle had been involved in an accident, the following evidence was admissible on the issue of the defendant's identity: evidence of a conversation at a police lineup between a witness, a police officer and the defendant, in which the witness had identified the defendant as a person present at the accident and the defendant had said, "I am not guilty"; of statements by the defendant to a police officer showing that he knew and associated with three other persons involved in the accident and had seen two of them on the day of the accident; and the whole of a conversation with the defendant, parts of which were admissions and part a denial by the defendant.

At the trial of an indictment, evidence was admissible of statements made by the defendant while under arrest and not warned of his rights, which tended to prove facts pertinent to the issue on trial but did not amount to a confession of guilt.

There was no error in the denial of a motion that certain testimony, parts of which were admissible, "all go out."

The presumption of the innocence of a person charged with crime is not itself evidence that he is innocent, and cannot be "weighed as such."

A charge to the jury in substance that they were to consider a person charged with crime to be innocent until he had been proved guilty beyond a reasonable doubt was sufficient on the issues of the presumption of innocence and the burden of proof.

INDICTMENT, found and returned on May 8, 1935.

There was a trial in the Superior Court before *Gibbs*, J. The defendant was found guilty, and alleged exceptions.

*G. J. Barry*, for the defendant.

*Edward M. Sullivan,* Assistant District Attorney, for the Commonwealth.

FIELD, J. The defendant was indicted in two counts. The first count was for larceny of an automobile, the second for the use of a motor vehicle without authority. See G. L. (Ter. Ed.) c. 90, § 24. There was a verdict of not guilty on the first count and a verdict of guilty on the second count. The case comes before us on exceptions to the admission of evidence and to the refusal of the judge to instruct the jury as requested.

1. There was evidence tending to show that the defendant was a passenger in an automobile, alleged to have been stolen, which was involved in an accident. The defendant was arrested and the next day was "placed in a line-up at the Boston Police Headquarters for the purpose of a possible identification" by one Campbell. Campbell, called as a witness by the Commonwealth, testified, without objection, with reference to the line-up, that there "were fourteen men standing up there" and that he saw a man that he "had seen the day before, in the accident," and that the man was the defendant. This witness was asked, over the objection of the defendant, as to his conversation with the police officer in charge in the presence of the defendant and testified that the officer said, "Have you ever seen this man before?" The witness was then asked, again over the defendant's objection, whether the officer when he said this pointed to someone; and the witness answered that the officer pointed to the defendant. He further testified that he replied to the officer's question, "Yes, I saw him yesterday." The witness was then asked, "Now, did Powers say anything?" and answered, "Yes," and was asked, "What did he say?" and answered, "He said 'I am not guilty.'" Counsel for the defendant moved that this evidence "all go out," but the judge permitted it to stand and the defendant excepted.

This evidence tended to show that the witness in the presence of the defendant and with his knowledge identified the defendant as a person who was in the accident in which the automobile in question was involved, and was admis-

sible on the issue of identification. It was not hearsay. *Commonwealth* v. *Rollins*, 242 Mass. 427, 428, 429. 2 Wigmore on Evidence (2d ed.) § 1130. The evidence was not inadmissible because the act of identification of the defendant by the witness consisted in part of words spoken by the witness. And the defendant's denial of guilt was a part of the complete incident of identification. Even if it was not so equivocal as to be admissible on the ground that it tended to show an implied admission of guilt, and was not admissible on any other ground, an exception to the denial of the motion to strike out all the evidence of the incident cannot be sustained, since a part of such evidence was admissible. *Commonwealth* v. *Anderson*, 220 Mass. 142, 145. *Commonwealth* v. *Zaidon*, 253 Mass. 600, 602. See also *Commonwealth* v. *Robinson*, 165 Mass. 426, 428–429.

2. There was evidence that the accident to the automobile in question occurred at about 4:45 P.M., that the defendant was riding in the automobile with one Kuliecza, that they were racing with an automobile operated by one McDonald in which one Ferris was riding, and that Kuliecza, McDonald, Ferris and the defendant were friends and associates.

A sergeant of police testified to a conversation with the defendant after the defendant was arrested when he had not been warned as to his legal rights. Subject to the defendant's exception the conversation was admitted and a motion to strike out all of it denied. In the course of the conversation the defendant told the sergeant that he knew Kuliecza called "Klutchy," McDonald and Ferris, that "we all hang at the corner of East and Seventh Street." The sergeant told the defendant of a talk by him with McDonald at the hospital in which McDonald said that the defendant and Kuliecza were the cause of the accident. The defendant told the sergeant that he was not there at all, that at 10:30 he went to Mass, then to Tudor Street to a playground where he saw Ferris and McDonald, then home to dinner, then to the corner and met one McGrath, then with McGrath to a theatre "around two o'clock," and "got out about five o'clock," went to Tudor Street, hung around and finally

went home, and that he was not in the automobile at all but was in the theatre.

The judge instructed the jury that the alleged statement of McDonald to the sergeant was not evidence of the presence of the defendant and Kuliecza in the automobile. The statements testified to by the sergeant as made by the defendant showed that the defendant knew and associated with Kuliecza, McDonald and Ferris and had seen McDonald and Ferris on the day of the accident and these facts were pertinent to the issue on trial. See *Commonwealth* v. *Spezzaro*, 250 Mass. 454, 457. Evidence that these statements were made was admissible as tending to show admissions by the defendant of these pertinent facts. The statements did not amount to a direct acknowledgment of guilt subject to the rules applicable to confessions (*Commonwealth* v. *Gleason*, 262 Mass. 185, 189–190) and were not rendered inadmissible by the circumstances that the defendant was under arrest and was not warned of his legal rights. *Commonwealth* v. *Robinson*, 165 Mass. 426, 429. *Commonwealth* v. *Festo*, 251 Mass. 275, 280. *Commonwealth* v. *Merrick*, 255 Mass. 510, 512. Even if the statements of the defendant that he was in the theatre at the time of the accident and was not in the automobile "at all" were not admissible on any independent ground they constituted a part of the conversation testified to by the sergeant — other parts of which were admissible — and exceptions to the admission of the conversation generally and to the denial of the motion to strike out the whole of it cannot be sustained.

3. The defendant made three requests for instructions to the jury which were as follows: "3. The jury is instructed that there is a presumption of innocence which constitutes evidence in the defendant's favor and it is to be weighed as such throughout the trial. 4. All the presumptions of law independent of evidence, are in favor of innocence; and the defendant, Powers, is presumed to be innocent until the Commonwealth satisfies you beyond a reasonable doubt that Powers is guilty. . . . 5. The establishment of a *prima facie* case by the Commonwealth does not take away from the defendant, Powers, the presumption of innocence,

though it may be such as to rebut and control it; the presumption of innocence remains with the defendant, Powers, in aid of any other proofs offered by him to rebut the government's *prima facie* case; the burden of proof is upon the Commonwealth to prove the guilt of the defendant and the defendant is presumed innocent unless the whole evidence in the case satisfies the jury, beyond a reasonable doubt, that he is guilty. . . ." The defendant excepted to the "refusal" of these requests. He contends that the charge was not adequate on the subject of "presumption of innocence."

On this subject the judge after referring to the fact that the attorney for the defendant in his argument had "alluded to two of the cardinal principles of law which have been enacted for the protection of defendants; the presumption of innocence, and the necessity of the Commonwealth's proving its case beyond a reasonable doubt," charged the jury as follows: "The presumption of innocence merely means this: it merely means that a jury, when they first start to consider the case against a defendant, have no opinion one way or the other as to his guilt or innocence. No matter what may have happened in some other court, irrespective of the fact that there may have been an indictment against him handed in by the grand jury, or that there may have been newspaper articles in which he has been connected with crime, — in spite of all those things he starts before you 'at scratch,' as they say. There is nothing against him at that time, and your minds are open as to whether he has done the thing with which he is charged, or not. It is only when the Commonwealth begins to introduce its evidence that that presumption in his favor begins to disappear; as the evidence against him goes in, then the presumption grows less and less strong; and if, at the conclusion of the case, the Commonwealth has convinced you beyond a reasonable doubt of his guilt, then the presumption has disappeared entirely and your verdict should be 'Guilty.'"

The defendant was not entitled to have instructions given in the form presented by his requests. *Commonwealth* v. *Mitchell*, 248 Mass. 536, 538–539. *Commonwealth* v. *Belen-*

*ski*, 276 Mass. 35, 50. And we need not consider whether the charge with reference to "presumption of innocence" was phrased with complete accuracy since in substance it was sufficiently favorable to the defendant.

The judge used the words "presumption of innocence," clearly indicated that the defendant was entitled to the benefit of such presumption of innocence and explained that it meant that the defendant started before the jury without anything against him, particularly anything which may have happened in any other court and the indictment by the grand jury. This met the requirement of *Commonwealth* v. *Madeiros*, 255 Mass. 304, 315, 316, that if seasonably requested the judge must instruct the jury that at the outset of the trial the defendant is presumed to be innocent. See also *Commonwealth* v. *Anderson*, 245 Mass. 177, 190. *Commonwealth* v. *Johnson*, 250 Mass. 320, 323–324. Neither at the outset of a trial nor at any later stage thereof does the presumption of innocence add anything by way of evidence to the defendant's side of the case. "This presumption is not evidence." *Commonwealth* v. *Madeiros*, 255 Mass. 304, 316. See also *Commonwealth* v. *DeFrancesco*, 248 Mass. 9, 14. It cannot be "weighed as such." Consequently the instruction sought by request numbered 3 could not properly have been given. The other requested instructions dealt with the burden of proof and the necessity of proving the defendant's guilt beyond a reasonable doubt (see *Commonwealth* v. *DeFrancesco*, 248 Mass. 9, 14) as well as with the presumption of innocence. The charge gave the defendant the benefit of the continuance of the presumption of innocence until it disappeared when the Commonwealth convinced the jury beyond a reasonable doubt of the defendant's guilt. And, to say the least, the defendant was not entitled to a greater benefit. See *Commonwealth* v. *Kimball*, 24 Pick. 366, 373–374; *Commonwealth* v. *Webster*, 5 Cush. 295, 320; *Commonwealth* v. *Anderson*, 245 Mass. 177, 189–190; *Commonwealth* v. *Madeiros*, 255 Mass. 304, 316. The instructions requested by the defendant, so far as he was entitled to them, were given in substance.

*Exceptions overruled.*