JOHN W. HALL v. STATE OF NEBRASKA.

FILED NOVEMBER 25, 1922.  No. 22755.

1. Criminal Law: ERROR: REVIEW. Alleged errors not brought to the attention of the trial court in any way in a motion for new trial are not entitled to be considered and reviewed by this court.

2. Evidence examined, and *held* to support the verdict.

ERROR to the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*J. H. Hanley, M. F. O'Donnell* and *P. H. McNally,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *C. L. Dort, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY, FLANSBURG, ROSE and LETTON, JJ., REDICK and SHEPHERD, District Judges.

LETTON, J.

Bradley, Martin & Smith conducted a mail order business dealing in general merchandise at Thirteenth street and Capitol avenue in Omaha. The accused had been employed by them for several years prior to April 15, 1921. He was in charge of the warehouse and shipping department, and had three keys, two of them to outside doors and one to an inside door. His connection with the firm ceased on April 15, 1921. On that date some police officers, in company with Mr. Smith, a member of the firm, made a search of the home of accused. At that time, according to Hall's own testimony, he settled with Mr.

Smith for the sum of $1,000, partly evidenced by notes, upon which he has paid over $600. Subsequent to April 15, other goods were missed by Bradley, Martin & Smith. On information given to the police department, certain police officers were secreted in the building on the night of November 21. In the night three men with flash lights entered the warehouse, and, after a melee, were arrested. On one of them, Monk Trummer, were found three keys, one of which, the evidence on behalf of the state tends to prove, was one of the original keys furnished to the accused when he was employed by the firm, and the other two were duplicates of other keys which had been furnished to him. Another search warrant was sworn out, the accused's house again searched, and a number of articles, among them a rifle, a police revolver, a number of ammeters, some gingham, some ladies' hose, etc., were found. These were all identified more or less positively as being part of the stock that was in the warehouse after April 15.

The testimony on behalf of the defense is that some of the goods had been owned by accused for years, and that the other articles had been settled for with Mr. Smith on April 21. A number of police officers and Mr. Smith testified positively to the fact that they searched the house of the accused, and the garage, thoroughly on April 21 and that none of these goods were there at that time, and other witnesses testify that the goods were in the warehouse after that date. On the other hand, defendant, his wife and his daughter testified that these goods were all in the house on April 21, and that the officers and Smith only made a very partial search. One or two other witnesses testified that they had seen one or two of the articles before April 15, 1921, at defendant's house. On this issue of fact the jury found for the state.

It is asserted that it has not been proved that the goods found were stolen goods, or that they were stolen, or received with knowledge that they were stolen, in Douglas county, Nebraska. We are satisfied that the

identification was sufficient as to goods found in the house of more than the value of $35. Defendant's counsel must have overlooked the fact that several witnesses testified that the goods were taken from Bradley, Martin & Smith's place of business, and there is direct testimony by one witness that this was in Omaha, Douglas county, Nebraska. There is also direct testimony that Hall's house is in the same county. Aside from this direct proof, there is sufficient circumstantial evidence to establish these facts. We have examined the other points relied on to establish a failure of proof, and find them equally unconvincing.

The only error assigned in the motion for a new trial is that the verdict is not sustained by the evidence. Several other alleged errors are assigned in the briefs and have been considered and held not sufficient to justify a reversal; but, in view of the fact that they were not called to the attention of the trial court in the motion for a new trial, and hence are not entitled to be reviewed, the opinion will not be extended by a discussion of them. We are satisfied that no prejudicial error occurred, and that there is ample evidence to sustain the verdict.

AFFIRMED.