JACK DUFFEY v. STATE OF NEBRASKA.

FILED NOVEMBER 4, 1932. No. 28329.

*Halligan, Beatty & Halligan* and *Milton C. Murphy*, for plaintiff in error.

*C. A. Sorensen, Attorney General*, and *Clifford L. Rein, contra.*

Heard before ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

The plaintiff in error was convicted in the district court for Perkins county, Nebraska, of the offense of committing an assault with intent to wound as denounced in section 28-410, Comp. St. 1929.

1.  The state, in order to support the charge, offered the testimony of the complaining witness who testified concerning the details of the assault and identified the defendant as the assailant. The substance of this testimony is that he recognized his assailant, as Jack Duffey. He was only slightly acquainted with him, but recognized him by his voice "the minute he spoke to me" and because he referred to the fact that he was "not allowed on my place." The complaining witness had said that the defendant could not come on his place. This is the only evidence identifying the defendant as the assailant. However, if believed by the jury, it is sufficient to sustain the conviction.

2.  The defendant interposed the defense of alibi. It is argued that the evidence relating to this defense is so convincing as to render the evidence of the state insufficient to support the verdict. This contention is untenable. The evidence relative to alibi only presents conflicting evidence on the question of fact, to be determined by the jury.

The defendant's criticism of the instruction given by the court upon the question of alibi has been often discussed by this court and in *Westbrook v. State*, 123 Neb. 817, the Nebraska cases were collected and cited, approving this identical instruction.

3.  The defendant insists that the trial court should have granted a new trial on the ground of newly discovered evidence. The newly discovered evidence which is relied upon was in the possession of the sheriff and neither the defendant nor the attorney had any knowledge at the time of the trial concerning this evidence. It is vital and relates directly to the only evidence of the state connecting the defendant with the crime. The statutes of

Nebraska provide (Comp. St. 1929, sec. 29-2101) that a new trial may be granted in a criminal case on the ground of newly discovered evidence. It may be granted on the ground of newly discovered evidence which is competent, material, and credible and which might have changed the result, and which the exercise of due diligence could not discover and produce at the trial. *Mauer v. State,* 113 Neb. 418; *Bailey v. State,* 36 Neb. 808; *Nelson v. State,* 121 Neb. 658. The trial court should have granted a new trial in this case to the end that the newly discovered evidence may be submitted to the jury together with the other evidence in the case.

4. While the jury were deliberating upon this case, they returned into court, and one of the jurors requested that the testimony of the complaining witness be read. At the request of this juror, the reporter read from his shorthand notes from the testimony of the complaining witness questions 1 to 40, inclusive, at which time the juror stated that is all he wanted. The defendant was present at the time, but his attorney was absent. It appears that the attorney for the defendant at the close of the trial said that he did not care to be called, and that he expected to leave Grant, the place of the trial, in a short time, and return to his home in Ogallala, which accounts for the reason that he was not notified when the jury requested this evidence to be read to them. The attorney was out of the county. It may be suggested that the attorney's responsibility had not ended in the trial of the case until the jury had returned. Defendant cannot permit his attorney to be excused without objection and then complain because he has not been notified. It should not be placed in the power of a defendant's attorney to arrest the progress of a trial by absenting himself therefrom. Sending for him should be recognized as a favor and a courtesy, rather than the duty of the trial court. In any event, since the jury were entitled to have the evidence read at their request, there was nothing prejudicial to the rights of the defendant in the absence of his at-

torney. The defendant now relies on the case of *Bartell v. State*, 40 Neb. 232, which reversed a judgment of conviction for the reason that the attorney for the defendant was not present and had no notice that the court directed the court reporter to read the evidence from his notes as requested by the jury. That case is distinguished from *Jameson v. State*, 25 Neb. 185, for that in the *Jameson* case the attorney for the defendant was notified and present in court. The case at bar is distinguished from the *Bartell* case, *supra*, for that the attorney for the defendant waived notice expressly and by leaving the county and making it impossible to notify him.

After the jury had retired to deliberate, the testimony of a witness for the state may properly be read to them at their request in open court in the presence of defendant and his attorney. *State v. Hunt*, 112 Ia. 509. See, also, *People v. Kasem*, 230 Mich. 278; *Hair v. State*, 16 Neb. 601; *Jameson v. State*, 25 Neb. 185; *Darner v. Daggett*, 35 Neb. 695. In *Willard v. State*, 195 Wis. 170, it was said: "The trial court is vested with a large discretion as to just how much of the evidence should be read."

Furthermore, reading of the evidence which was read to the jury in this case was not prejudicial to the rights of the defendant. It is not questioned but that the evidence was correctly read by the reporter as given in court by the witness. The jury were evidently in dispute as to the evidence of the complaining witness. It seems that the jury in carefully considering the evidence might well have reference to the record for the purpose of ascertaining the exact nature of the evidence.

5. Complaint is made to certain instruction for that it assumed a fact in dispute which must be found by the jury, which was an invasion of the province of the jury by the court. Portions of the instruction are quoted in the brief, which quotations would seem to support the contention of the defendant. However, a careful reading of the instructions in the record indicates that the two instructions complained of, the one with reference to the

question of malice, and the other with reference to the question of intent, taken as a whole, are not prejudicial to the defendant. All of the instruction cannot be stated in one clause or one sentence and each instruction in its entirety submits to the jury for their determination the question as to whether or not the defendant committed the assault. Furthermore, the instructions, taken as a whole, submitted the question to the jury for their determination by proper instructions, and the jury could not have been misled as to the issues in the case.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED.