OTIS LUSTER V. STATE OF NEBRASKA.

5 N. W. (2d) 705

FILED OCTOBER 9, 1942. No. 31430.

*John L. Mattox,* for plaintiff in error.

*Walter R. Johnson, Attorney General,* and *John H. Comstock, contra.*

Heard before SIMMONS, C. J., EBERLY, CARTER, MESSMORE and YEAGER, JJ.

Eberly, J.

It is charged by the state that the plaintiff in error, hereinafter referred to as the defendant, "did on the 6th day of January, A. D. 1942, at and within the county of Otoe and the state of Nebraska, * * * then and there, by putting in fear, forcibly and by violence take from Randall Seyfer, money of value, with intent to rob and steal," in contravention of the provisions of section 28-414, Comp. St. 1929. To an information so charging, the defendant interposed a plea of "not guilty." A trial to a jury resulted in a conviction. From the judgment of the trial court overruling his motion for a new trial and imposing the penalty, the defendant prosecutes error to this court.

"In order to review alleged errors occurring during the trial of a criminal case, such errors must be pointed out to the trial court in the motion for a new trial and a ruling obtained thereon." *Wilson v. State,* 43 Neb. 745, 62 N. W. 209. See *Green v. State,* 116 Neb. 635, 218 N. W. 432. And we are committed to the rule that in criminal cases alleged errors of the trial court not referred to in the motion for a new trial will not be considered on appeal. *Hall v. State,* 109 Neb. 273, 190 N. W. 898; *Green v. State, supra.*

An examination of the record discloses that the scope of defendant's motion for a new trial, as discussed in defendant's brief on appeal, was substantially limited to the following: (1) That the verdict was not supported by sufficient evidence; (2) misconduct of the county attorney in questioning the defendant as to exhibits 19 and 20 (19 A) ; (3) the court erred in giving instruction No. 7 on the court's own motion; (4) errors of law occurring at the trial and duly excepted to.

The evidence is undisputed that defendant, in company with four other colored men, left Kansas City, Missouri, at about 10:30 p. m. January 5, 1942, in an automobile, with the avowed intention of going to the city of Chicago, Illinois. Three of the party were armed with revolvers. They proceeded northward and then eastward via Nebraska City, Omaha and Council Bluffs, and were apprehended at Cedar

Rapids, Iowa, on the afternoon of the 6th day of January following. When they had arrived at Nebraska City they stopped at a filling station and obtained a supply of alcohol for the radiator of their car and a further supply of gasoline for their gasoline tank. They then proceeded to the James Oil Station in Nebraska City, and there three of the party entered the same about 1:30 a. m. of January 6. A revolver was displayed by one of the party, the man in charge of the station was "held up," and the three men removed about $125 in money from the clerk in charge of the station, and also removed and took with them certain articles of merchandise belonging to the station proprietor. Defendant claims to have remained in the automobile while the robbery was perpetrated, and denies having in any manner participated therein. He admits, however, that when the stolen money was divided he was given $15 thereof, and when the party arrived at Cedar Rapids, Iowa, merchandise all similar in character to that removed from the station of the James Oil Company of Nebraska City (as some of which was clearly identified as part thereof) was in the automobile occupied by defendant and his party, packed in a box and by defendant personally delivered to the U. S. postal authorities at that city for transmission to an addressee in Kansas City, Missouri, and the receipt therefor taken by defendant and found on his person at the time of his arrest. In addition, the defendant was positively identified by the employee in charge of the James Oil Company station at Nebraska City as one of the three men who, without masks, entered this station at about 1:30 a. m. on January 6, with a revolver in his hand, "held him up," and with others removed the $125 and the merchandise therefrom.

We do not overlook the protestations of innocence on part of the defendant made as a witness in his own behalf; that he had no knowledge of the criminal intentions of the other members of the party; that he did not participate with them in the perpetration of the robbery but remained in the automobile while it occurred, and thereafter continued with the party only because of fear and duress; and that the testi-

mony of the state identifying him as an actual participant in the robbery is a matter of mistaken identity. However, in view of all of the attendant circumstances, this identification of the defendant is a mere matter of disputed evidence. The evidence establishing this fact introduced by the state is not without corroboration and, if believed, is ample to sustain the jury's verdict of guilty in this case. This conclusion of fact is sustained by the well-established principle of criminal procedure that, where in a criminal prosecution the evidence conflicts as to material facts, the credibility of the respective witnesses is for the jury. *Baker v. State,* 112 Neb. 654, 200 N. W. 876; *Johnson v. State,* 119 Neb. 217, 228 N. W. 253; *Norton v. State,* 119 Neb. 588, 230 N. W. 438; *Guerin v. State,* 138 Neb. 724, 295 N. W. 274.

And again, even, "Where the evidence in a criminal case is acutely conflicting, and from its consideration different minds may reasonably arrive at different conclusions, the weight to be given thereto is a question for the jury." *Norton v. State, supra.* See, also, *Guerin v. State, supra.*

Indeed, this jurisdiction is committed to the rule that "This court, in a criminal action, will not interfere with a verdict of guilty, based upon conflicting evidence, unless it is so lacking in probative force that we can say, as a matter of law, that it is insufficient to support a finding of guilt beyond a reasonable doubt." *Williams v. State,* 115 Neb. 277, 212 N. W. 606. See, also, *Haines v. State,* 135 Neb. 433, 281 N. W. 860; *Shannon v. State,* 111 Neb. 457, 196 N. W. 635.

The defendant charges misconduct of the county attorney in connection with exhibits 19 and 20 (19 A). It appears that a letter was written by the defendant after he was taken in custody. It was placed in an envelope, sealed by the defendant, addressed, proper postage placed thereon, and entrusted to an officer to be mailed. It came into the possession of the county attorney, who sought to lay a foundation for its admission. Incidentally the contents of the letter were not divulged to the jury. To its admission in evidence the trial court sustained the objection of defend-

ant's attorney, *i. e.*, "It doesn't have any tendency to prove the charge of the state against the defendant in this case." Obviously the defendant was not prejudiced by the trans-'action.

Instruction No. 7, given by the court on its own motion, related to the subject of "reasonable doubt." A careful reading of this instruction in connection with other instructions to the jury given by the court fails to disclose any substantial error on the part of the trial court. The closing words of this instruction, to which defendant's complaints are directed, in the light of other instructions given, could not possibly operate to defendant's prejudice. We have carefully read the entire record and are satisfied that the district court fully protected the defendant's rights, and that the trial was fairly conducted to that end.

It follows that no substantial error was committed, and the judgment and sentence of the trial court are affirmed.

AFFIRMED.