TONY SCAVIO, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

15 N. W. 2d 50

FILED JUNE 30, 1944. No. 31677.

*Joseph M. Lovely* and *Edward T. Hayes,* for plaintiff in error.

*Walter R. Johnson, Attorney General, H. Emerson Kokjer* and *Rush C. Clarke, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

Upon a verdict of guilty of arson in the fourth degree,

the defendant was sentenced to two years in the penitentiary, and brings his conviction to this court for review.

An information was filed in the district court on March 17, 1943, against William Maher and Tony Scavio, charging them in Count I with a malicious attempt on February 25, 1942, to set fire to and burn a certain building in Omaha and committing acts preliminary thereto and in furtherance thereof, which is, under section 28-5,101, Comp. St. Supp. 1941, known as fourth degree arson. Count II of said information charged them with the same crime, but adding thereto that the building was the property of Lucille F. Lanphier, and was insured against loss by fire in the amount of $2,000, and that the personal property, consisting of stock and fixtures therein, was owned by Raymond C. Agosta, and was of the value of $500, and was insured against loss by fire in the sum of $1,300, charging defendants with an attempt to burn the same and to thereby injure and defraud the insurance companies therein named, who were the insurers thereof.

Motions of defendant Tony Scavio to quash the information and demur to the information were severally overruled. William Maher was granted a separate trial. Tony Scavio was thereupon tried to a jury. The jury returned a separate verdict of guilty upon each count of the information.

On May 14, 1943, a motion for new trial was duly filed, setting out 36 errors of the court. On May 22, 1943, the county attorney appeared in open court and confessed that Count II of the information was defective in proof, and upon oral motion of the county attorney it was ordered that the verdict of the jury on Count II of the information be set aside, and that Count II of the information be dismissed, and on the same day, defendant appearing in court, motion for new trial was overruled, and the defendant was sentenced to imprisonment in the penitentiary for a period of two years.

Notice of intention to appeal was thereupon given. Poverty affidavit was duly filed. The two defendants, after thus

being jointly charged in the same information, were given separate trials, and this is a companion case to *Maher v. State, ante,* p. 463, 13 N. W. 2d 641. In such opinion, released March 17, 1944, appears a complete statement of all the facts which constitute the basis of the charge in this case.

In the trial of the *Maher* case a great deal of evidence was taken which was not produced in the shorter three days' trial of the case at bar. However, because all of the facts were so fully set out in the *Maher* opinion they will not be repeated in this opinion.

The 12th paragraph of the errors relied upon for reversal and the first proposition of law argued in the brief were found as paragraph 35 in the motion for a new trial, and read as follows: "Section 28-5,101 of the 1941 Supplement, Compiled Statutes of Nebraska, 1929, and the act of which it is a part is unconstitutional and void—(1) Because the subject matter was not included in the title; (2) Because it contains more than one subject; (3) For want of certainty and clearness; (4) Because the title to the bill, and the bill, are in violation of Section 14, Article 3, of the Constitution of the State of Nebraska, reading: ' * * * No bill shall contain more than one subject and the same shall be clearly expressed in the title. * * * .' "

These questions as to the constitutionality of the act were discussed at length and disposed of in the *Maher* case.

The objections based on the proof of *corpus delicti* were also discussed in the *Maher* case, where this court determined that "The *corpus delicti* and the guilt of the defendant in an arson case may be established by circumstantial evidence. *Held,* evidence sufficient to establish the *corpus delicti* and guilt of the defendant under the circumstantial evidence rule."

The giving of instructions Nos. 2, 5 and 7 was assigned as error. These three instructions all related to the charge contained in Count II of the information. The defendant was found guilty under both counts by the jury. Thereafter, and before sentence was pronounced, the county at-

torney moved that the verdict returned on Count II be set aside, and that Count II be dismissed, which motion was granted by the court, and any possible error, which we do not find, would be cured by the action taken by the court.

It is also argued that the court erred in overruling defendant's motion for a directed verdict at the close of the state's testimony and renewed at the close of all the evidence. It is a sufficient answer to this complaint that this motion for a directed verdict was to an information containing two counts, and by the verdict of the jury and sentence of the court there was ample evidence to warrant a conviction on Count I in any event, so the motion as made for a directed verdict was properly overruled.

The defendant lays great stress in his brief that the judgment and sentence to two years in the penitentiary should be reversed because, it is argued, "Where the property and policy of insurance were owned by someone other than defendant, the Court erred and defendant was prejudiced in admitting over objection of defendant evidence dealing with the subject of insurance without having first required the State to show knowledge of insurance on part of defendant or otherwise connect him with insurance."

We have not reached the conclusion that the evidence about the insurance policies was improper under Count I, considering the fact that defendant was the manager of the business, as well as brother-in-law of the owner, which gave defendant a very close relationship to all the facts and circumstances about this business and its attempted destruction by fire.

The second count of the information charged an attempt to burn insured property with intent to injure and defraud the insurers. Upon the trial the state offered evidence that the property was insured, which was received, although there was no direct evidence that defendant had knowledge of this insurance.

An examination of the bill of exceptions discloses that no part of the oral testimony of the two insurance agents was objected to by defendant. But when the two policies, ex-

hibits Nos. 14 and 15, were offered in evidence, the defendant simply made the formal objection as incompetent, irrelevant and immaterial. No motion was made asking the court to direct a verdict of not guilty on the second count alone, nor was any request made for an instruction that the evidence relating to insurance was improper to be considered in relation to Count I.

In the trial of a criminal case it is not customary to offer evidence as to a certain count found in the information, but the prosecuting attorney simply offers evidence on the whole case.

These two exhibits were perfectly proper under Count II of the information, but after the jury found him guilty on both counts the court had set aside the conviction on Count II charging defrauding insurance companies.

This court has held that "If there are two counts in an information, under one of which a dying declaration is admissible, it is not reversible error for the trial court to fail to give an instruction to the jury relating thereto when no such instruction was requested." *Piercy v. State,* 138 Neb. 301, 293 N. W. 99.

" * * * a dying declaration might not have been admissible on the second count alone. However, the defendant could have asked the judge to give an instruction to the jury to limit the scope of the dying declaration to the charge set out in count No. 1, but the court did not have to give such limitation instruction unless the defendant asked for it, and as defendant did not ask for it we do not see how it can be reversible error, for the dying declaration was properly admitted under count No. 1. In our opinion, a sufficient foundation was laid for its introduction, and while it was not a model of what a dying declaration should contain, it gave support upon important facts." *Piercy v. State, supra.*

It is clear that the evidence relating to the insurance was applicable and pertinent to one issue, and the court properly admitted it. We cannot see that it was error for the court to fail to direct the jury to confine this evidence to the

issue raised under the second count of the information when only a general objection was made to the admission of the policies, and no objection whatever made to the oral testimony relating thereto, or any request made for an instruction limiting its effect. If any such request had been made and refused by the court, and this refusal raised in the motion for a new trial, and then assigned as error here, we would have an entirely different question raised for our determination.

The last error assigned for reversal is: "37. The Court erred in submitting the second count to the jury in that same prejudiced the jury as concerned count one."

The only error set out in the motion for new trial relating in any way to the two counts in the information is this: "34. For the reason that the Court erred in not sustaining the Demurrer to Count One and Two of the information for the reason set forth in said Demurrer."

It is therefore clear that this last error assigned, as set out above, is simply not found in the motion for a new trial, and was therefore not called to the attention of the trial court in any way.

In order to justify this court in reviewing an alleged error which it is charged occurred during the trial of a criminal case, such error must have been presented to the trial court in the motion for a new trial, otherwise such error cannot properly be reviewed by this court. See *Luster v. State*, 142 Neb. 253, 5 N. W. 2d 705.

We have examined the other assignments, but find no prejudicial error. In our opinion, the defendant's interests were carefully guarded throughout the trial, and there is no reversible error in the record, and the judgment and sentence are hereby affirmed.

AFFIRMED.