STATE OF NEBRASKA, APPELLEE, v. RICHARD WYCOFF, APPELLANT.

146 N. W. 2d 69

Filed November 4, 1966. No. 36247.

Lyle B. Gill, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BROWER, SMITH, and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

WHITE, C. J.

After a jury verdict of guilty, defendant, having been found by the court to be a habitual criminal, was sentenced on February 4, 1965, to concurrent terms of 10 years for the crimes of breaking and entering and possession of burglary tools. No appeal was taken. On November 3, 1965, defendant filed this motion for a new trial under section 29-2101, R. R. S. 1943, on the ground of newly discovered evidence. The motion was overruled and this appeal followed.

Only the facts necessary for the disposition of this appeal will be recited. About 1 or 2 o'clock in the morning of August 28, 1964, the Hilltop Cafe at Uehling, Nebraska, was broken into. Two officers, a deputy sheriff

and the town marshal of Uehling, stopped when they saw a car parked in the vicinity of the cafe that had not been there when they had driven by before. On investigation they apprehended two men, the defendant and one Richard Davis, Davis being observed coming out of the cafe building on the south side and the defendant being crouched or bent over on the north or east side of the building. The cash register and cigarette and pop machines had been broken into, and a door to the cafe had been broken open. A crow bar, screw driver, and other tools were found in a grease barrel on the side of the building and in Davis' car. Davis testified in the case for defendant admitting possession of the tools and that he had broken into the cafe, claiming that he did it on the spur of the moment and that defendant had nothing to do with the commission of the offense. Defendant testified that he was present at the scene as the officers had testified but that he had no knowledge of the breaking into the cafe or of the tools. Further facts as to the offense will not be elaborated as no issue is presented in this case as to the sufficiency of the evidence.

The claim of newly discovered evidence relates to a collateral matter not bearing directly on the guilt of the accused. One Howard Waterbury, operator of a tavern at Uehling, testified that on the afternoon of August 27, 1964, the afternoon before the offense was committed, the defendant and another man were in his tavern between the hours of 4 and 5 o'clock in the afternoon and had remained there about an hour. The defendant, Davis, and another witness, John Wallace, from Omaha, all denied this, testifying that the defendant was in Omaha the afternoon of August 27, 1964. Defendant, corroborated by Davis, testified that he bought a car in Omaha on the afternoon of August 27, 1964, returned home about 3 o'clock, then picked up Davis and another friend, drove to west Omaha to see about a paint job, and on rturning on the interstate had a

flat tire and his spare was flat. He then testified that he and Davis hitchhiked and got Davis' car, returned and had the spare fixed, taking about 2 hours time altogether. On the return home they picked up two girls whose car would not start and were walking on the interstate, took them in defendant's car to his home, then in Davis' car took the girls home to Council Bluffs, and the men returned to Omaha about 8:30 or 9 p.m. Davis and defendant had a few drinks and decided to drive to Norfolk to see a relative of defendant. They had carburetor trouble, then ran out of gas, were brought into a filling station in Fremont where the carburetor was repaired, and continued on to Norfolk by way of Oakland. Carburetor trouble developed again and they stopped at the Hilltop Cafe in Uehling where they were apprehended by the officers as related herein.

In support of his motion for a new trial, defendant produced the affidavits of the two girls to the effect that the defendant and Davis picked the girls up on Interstate 80 around 5 o'clock on the afternoon of August 27, 1964, spent several hours with them, and took them to Council Bluffs in the evening. He asserts that he never knew the names or addresses of the girls at the time of the trial and this is corroborated by the affidavits of the two girls offered in support of the motion for a new trial.

The statute, section 29-2101, R. R. S. 1943, provides that a new trial may be granted because of newly discovered evidence material for the defendant which he could not with reasonable diligence have discovered and produced at the trial. This court, in construing this statute, has laid down several rules applicable to this case. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and unless an abuse of discretion is shown, its determination will not be disturbed. Smith v. State, 169 Neb. 199, 99 N. W. 2d 8; Fugate v. State, 169 Neb. 420, 99 N. W. 2d 868. New cumulative evidence tendered

in support of a motion for a new trial must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. Wiegand v. Lincoln Traction Co., 123 Neb. 766, 244 N. W. 298; Gates v. State, 160 Neb. 722, 71 N. W. 2d 460; Smith v. Smith, *supra*. A new trial will not ordinarily be granted for newly discovered evidence which, when produced, will merely impeach or discredit a witness who testified at the trial. Baskins v. State, 139 Neb. 803, 299 N. W. 188; Ogden v. State, 13 Neb. 436, 14 N. W. 165.

We point out that the proffered new evidence is entirely cumulative in nature. It simply corroborates the testimony of the defendant, Davis, and Wallace that the defendant was in Omaha the afternoon of August 27, 1964, at the time the witness Waterbury testified the defendant was in his tavern in Uehling. Just how this testimony would be potent enough under the rule quoted above to change the result of the trial does not appear. Defendant admitted he was present at the scene of the crime at the time in question. His defense was not an alibi that he was some other place at the time, but simply, though present, that he had no knowledge or participation in the acts of Davis, who admittedly broke into the cafe. The alleged new testimony had no bearing on this issue but only related to a dispute as to where the defendant was 8 or 9 hours before the commission of the offense. We hold that this proffered evidence is only cumulative in character and not of such strength as would change the result in event of a new trial.

There is a further reason why defendant's position cannot be sustained. Defendant's proffered new testimony would only serve to impeach or discredit the testimony of Waterbury as to where the defendant was 8 or 9 hours before the time of the commission of the offense. In Baskins v. State, *supra,* this court said: "A motion for a new trial for newly discovered evidence will not be granted where the other evidence is sufficient to sustain the verdict. The newly discovered evi-

dence offered in the instant case is of an impeaching character, to discredit the witness who testified at the trial. In 23 C. J. S. 1248, sec. 1460, it is said: 'Generally, a new trial will not be granted for newly discovered evidence which, when produced, will merely impeach or discredit a witness who testifed at the trial.' See, also, Ogden v. State, 13 Neb. 436, 14 N. W. 165; Kenyon v. State, 111 Neb. 175, 196 N. W. 143."

The statute requires that the new evidence must be material. Just how this evidence could be material in light of the admission of the defendant as to being present at the scene of the crime, we are unable to see. Under the circumstances of this case, the mere showing that the defendant was some other place 8 or 9 hours before the commission of the offense, where he was admittedly present, is immaterial.

We hold therefore that there was no abuse of discretion by the trial court in denying the motion for a new trial. The trial court's ruling is correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.