STATE OF NEBRASKA, APPELLEE, v. MAURICE J. STANOSHECK, APPELLANT.

180 N. W. 2d 226

Filed October 9, 1970. No. 37528.

C. E. Danley, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold S. Salter, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

The defendant Maurice J. Stanosheck was charged in

the district court for Hall County with operating a motor vehicle on the public highways of this state while under the influence of intoxicating liquor. The defendant entered a plea of not guilty and the jury returned a verdict of guilty as charged. Defendant was sentenced to serve 60 days in the county jail, pay a fine of $100 and costs, and that his driver's license be suspended for 6 months after his release from jail and the payment of the fine and costs. The defendant has appealed.

The evidence shows that defendant was found at 1:45 a.m., on a public highway standing near his damaged automobile in close proximity to a highway bridge. The surrounding circumstances show rather conclusively, especially from the location of debris, that the serious damage to defendant's car was the result of its collision with the highway bridge. It is not urged that defendant was not the operator of the car, in fact, the evidence shows he was its sole occupant. Six police officers testified that they smelled the odor of alcohol on his breath and that he staggered when he walked. Some of the officers testified that his eyes were bloodshot and his talk slurred. All gave their opinions that defendant was intoxicated. Defendant refused to submit to a test to determine the alcoholic content of his blood.

The defendant testified that he had been afflicted with epilepsy, that he had suffered grand mal seizures in the past, and that he had been under treatment for the disease since 1953 and was under treatment at the time of his arrest on March 22, 1969. He testified that he wore a medallion on a chain around his neck indicating that he had a serious medical condition and informing an observer that an instructional card would be found on his person. These were found by the law enforcement officers, but they were not convincing to them that defendant was not intoxicated.

Defendant testified that he went to Grand Island to attend a race meet on March 21st, checked into a motel, and went to the races in the afternoon. He returned to

his motel about 7 p.m. where he began drinking which he continued until the early hours of the next morning. He admitted that he drank five drinks of hard liquor before he started for home shortly before the incident resulting in his arrest.

The defendant called Dr. Nat J. Wilson as a witness, the only medical doctor who testified. He was the chief of neurology and psychiatry at the Veterans Administration Hospital in Lincoln for the previous 28 years. Dr. Wilson had treated the defendant for several years prior to the incident here involved. In his history of the case, he testified to defendant's condition and its nature, the fact that defendant has had two lobotomies, has been subjected to shock treatments, and has experienced grand mal seizures, one of which was in the doctor's presence. In an effort to control the disease, he and others have prescribed barbiturate medication to the time of defendant's arrest. He explained the loss of memory before and after a grand mal seizure, and the fact that such seizures occurred without warning. He stated further that the use of alcohol can increase the susceptibility to grand mal seizures and could be the cause of such a seizure. He testified that he advised the defendant concerning the relationship of drinking as an inducing factor to a grand mal seizure. Dr. Wilson stated that he could not say that the defendant was intoxicated at the time of the incident, nor did he say that in his opinion defendant suffered a grand mal seizure at that time.

It seems clear to us that it was for the jury to determine from the evidence if the State has proved beyond a reasonable doubt that defendant was operating his car while under the influence of intoxicating liquor. We think the evidence was sufficient to sustain the finding of the jury. The amount of liquor that he admittedly drank and the strong odor of liquor on his breath, coupled with the other evidence indicating intoxication is proper for the jury's consideration in determining the

issue. We cannot say as a matter of law that a defendant having a history of epilepsy and consequent seizures, by refusing to submit to an alcohol test, thereby immunizes himself from prosecution for driving while intoxicated.

Defendant complains that the trial court failed to instruct the jury on the nature of his defense. This error, if it be such, was not asserted in defendant's motion for a new trial. The failure to assert an alleged error in the motion for a new trial will not be considered on appeal. Such failure will be deemed to be a waiver of the claimed error. Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853.

Defendant contends that the trial court was in error in imposing a harsher sentence than that imposed in the lower court. The record shows that on a trial in the county court, that court imposed a sentence of 5 days in jail and a fine of $100 and costs. Defendant's privilege to operate a motor vehicle on the highways of the state was also suspended for a period of 6 months. After conviction in the district court on appeal, the trial court imposed a sentence of 60 days in jail, a fine of $100 and costs, and specifically included in the costs the actual cost of the jury in the amount of $310. Defendant's license to drive on the public highways also was suspended for 6 months following his release from jail.

Several reasons exist why a sentence on appeal to the district court may properly exceed that in the county court. In the instant case, for example, the defendant offered no evidence in the county court and, for ought we know, the State may have limited its proof in establishing the offense. It has never been the rule in this state that a sentence imposed by a county court or justice of the peace has the effect of limiting the sentence on appeal. The defendant relies primarily on North Carolina v. Pearce, 395 U. S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656. In the latter case the defendants' convictions were reversed on appeal and on subsequent convictions

the trial court imposed sentences which, added to the time served pending appeal and retrial, exceeded the first sentences imposed. The court held that an appeal was a matter of right without retaliatory motivation or vindictiveness on the part of the trial court against the defendants for having prosecuted the appeals. In the instant case there is nothing in the record to indicate any such motivating factor in the imposition of the sentence in the district court. In any event, a sentence after reversal and retrial is quite different from a sentence imposed after an appeal from an inferior court. Defendant's contention is not well taken.

Defendant further contends that the trial court erred in taxing the actual cost of the jury against the defendant. It is asserted that the action taken in this respect by the trial court is based on the latter's holding that the appeal was frivolous and capricious as provided by section 29-2703, R. S. Supp., 1969. In sentencing the defendant, the trial court found that the appeal was frivolous and defendant was ordered to pay as part of the costs the actual costs of the jury in the amount of $310. We find nothing in this record to indicate that the appeal was frivolous. The defendant contended that the evidence of his intoxication stemmed from an epileptic seizure and not self-induced intoxication. Some of the visual results of intoxication were common to those of an epileptic grand mal seizure. While the jury believed the State's witnesses rather than those of the defendant, it was an issue for the jury and cannot be said to constitute a frivolous or capricious defense within the meaning of the statute. The conclusion of the trial court that the appeal was frivolous is not sustained by the evidence. A finding unsupported by the record will not sustain the taxing of the actual cost of the jury to the defendant under section 29-2703, R. S. Supp., 1969. See State v. Jungclaus, 176 Neb. 641, 126 N. W. 2d 858.

Other claimed errors have been examined and found to be without merit. The judgment of the district court

is affirmed, except for the taxing of costs as herein-before noted.

AFFIRMED AS MODIFIED.