STATE OF NEBRASKA, APPELLEE, V. DANNY ATKINSON, APPELLANT.

213 N. W. 2d 351

Filed December 14, 1973. No. 39066.

Edward E. Hannon, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

After a verdict of guilty for the offense of having carnal knowledge of a female child under age 15, defendant Atkinson was sentenced. On appeal we affirmed in State v. Atkinson, 190 Neb. 473, 209 N. W. 2d 154 (July 6, 1973). On February 15, 1973, Atkinson had moved the District Court for a new trial on the ground of newly discovered evidence. According to the motion, the county attorney had misrepresented the truth—deception diagnosis of the female child in a polygraphic examination. The court overruled the motion, and Atkinson appeals.

Separate prosecutions because of the affair had also been commenced against Gary Ogden and Gary Seger. Two lawyers who respectively represented Atkinson and Seger and were the only witnesses against the county attorney testified as follows. In numerous, separate conversations with defense counsel, the county attorney had informed them of these facts. The polygraphic examination clearly disclosed the truth of the female child's answers in substance that Atkinson and the other defendants had had carnal knowledge of her. Prior to trial of Atkinson defense counsel knew nothing of a written report of the polygraphic examination in possession of the county attorney. Pretrial discovery was not attempted. See § 29-1912(1)(e), R. S. Supp., 1972.

The county attorney testified to the following facts. He had at least glanced over the written report and informed defense counsel of the absence of untruthfulness in the diagnosis by the polygraphic examiner. He could not recall whether he had informed them of the written report in his possession.

The District Court noted the conflict of testimony without finding on the issue.

The female child, age 14 years, 5 months, was a member of a special education section of the 8th grade at the time of the offense. The report and testimony of the polygraphic operator disclosed that the child was somewhat confused, but the confusion was not germane to the prosecution against Atkinson. Its occurrence at the jury trial was noted in State v. Atkinson, *supra*.

In a criminal prosecution the court will grant a new trial on timely application of defendant for the reason of newly discovered evidence material for defendant, provided, the reason materially affects his substantial rights and he could not with reasonable diligence have discovered and produced the evidence at the trial. See §§ 29-2101 to 29-2103, R. R. S. 1943.

Remand of this case for a ruling on the conflict of testimony of counsel is unnecessary. The diagnosis by the polygraphic examiner would not have been admissible in evidence. The answers of the female child to the questions asked by the operator of the polygraph are considered in context. They would not have materially affected any substantial right of Atkinson. The order overruling the motion for a new trial was correct.

Other issues are decided against Atkinson.

AFFIRMED.