STATE OF NEBRASKA, APPELLEE, v. GARY SEGER, APPELLANT.

217 N. W. 2d 828

Filed May 9, 1974. No. 39063.

John W. DeCamp, James M. Kelley, and Kelley & Thorough, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, and CLINTON, JJ., and FLORY, District Judge.

WHITE, C. J.

The State of Nebraska separately prosecuted Danny Atkinson, Gary Ogden, and Gary Seger, the defendant, for the offense of having carnal knowledge of a female child under age 15. The prosecutions arose out of the same incident. See, State v. Atkinson, 190 Neb. 473, 209 N. W. 2d 154 (1973); State v. Atkinson, ante p. 9, 213 N. W. 2d 351 (1973); State v. Ogden, ante p. 7, 213 N. W. 2d 349 (1973). The jury found Seger guilty and he was later sentenced to 5 years probation. This appeal follows.

Seger assigns as error: (1) The denial of his pretrial motion for dismissal based upon failure to commence trial within 6 months from the filing of the information; and (2) the denial of his motion for new trial based upon newly discovered evidence. We affirm the judgment of the District Court.

The facts surrounding the incident can be found in State v. Atkinson, 190 Neb. 473, 209 N. W. 2d 154 (1973), and need not be set forth here. The information was filed on May 30, 1972. The trial commenced December 18, 1972, and the jury returned a verdict against the defendant on December 21, 1972. A motion for new trial based upon newly discovered evidence was filed on January 22, 1973. This motion was overruled March 8, 1973. Seger was sentenced on March 8, 1973. The notice of intention to prosecute an appeal is dated March 24, 1973.

Seger assigns as error the overruling of his motion for dismissal based upon failure to commence trial within 6 months from the filing of the information. See, § 29-1207, R. S. Supp., 1972. No motion for new trial relating to this issue under section 29-2101, R. R. S. 1943, was ever filed. Section 29-2103, R. R. S. 1943, provides that a motion for new trial, except for newly discovered evidence, must be filed within 10 days after the verdict is rendered unless unavoidably prevented. Alleged errors occurring during the case must be pointed out to the trial judge by a motion for new trial. In Luster v. State, 142 Neb. 253, 5 N. W. 2d 705 (1942), this court said as follows: "And we are committed to the rule that in criminal cases alleged errors of the trial court not referred to in the motion for a new trial will not be considered on appeal." In Hall v. State, 109 Neb. 273, 190 N. W. 898 (1922), we said: "Alleged errors not brought to the attention of the trial court in any way in a motion for new trial are not entitled to be considered or reviewed by this court."

We have repeatedly held that such errors must be pointed out to the trial court in a motion for new trial and *a ruling obtained thereon.* Kennedy v. State, 170 Neb. 193, 101 N. W. 2d 853 (1960). We have consistently held that alleged error not asserted in a motion for new trial will not be considered on appeal. State v. Stanosheck, 186 Neb. 17, 180 N. W. 2d 226 (1970); State v. Haile, 185 Neb. 421, 176 N. W. 2d 232 (1970). This is not a case where any issue was presented as to an interpretation of the contents of a motion for new trial. As we have pointed out, no motion for new trial under section 29-2101, R. R. S. 1943, was ever filed, and no final order was ever entered with reference to the error assigned herein. The issue, therefore, is not presented to us for a decision and will not be considered.

Seger next assigns as error the overruling of the motion for new trial based upon newly discovered evidence. A motion for new trial based upon newly discovered evidence must be made within a reasonable time after discovery of new evidence and within 3 years of the date of the verdict. § 29-2103, R. R. S. 1943. Such a motion is the exclusive exception to the general rule that a motion for new trial must be filed within 10 days of the verdict. This motion raises only the issue of newly discovered evidence. We proceed to the merits.

The defendant contends that a polygraph examination given to the prosecutrix shortly after the rape occurred is newly discovered evidence. Defendant's counsel contends: (1) Although he had knowledge that a polygraph examination had been administered to the prosecutrix, he did not know a written report existed; and (2) he was told the examination showed that the defendant had raped the prosecutrix and that the prosecutrix had told the truth during the examination. Counsel for Seger did not remember if he had asked the county attorney for the report. No pretrial discovery

of the written report was attempted under section 29-1912 (1) (e), R. S. Supp., 1972. Neither was an attempt made to subpoena the polygraph examiner prior to the trial.

The county attorney testified he had never studied the report in detail. He notified counsel for Seger that a polygraph examination had been administered and that there was a problem with penetration. The county attorney contends he never denied anyone an opportunity to see the report and that the report was not newly discovered evidence.

The statute, section 29-2103, R. R. S. 1943, specifically provides that where: "* * * it shall be made to appear * * * the defendant * * * has discovered new evidence material to his defense which he could not with reasonable diligence have discovered." The newly discovered evidence must be competent, material, credible, and which might have changed result of trial and which by the exercise of due diligence could not have been discovered and produced at the trial. Duffey v. State, 124 Neb. 23, 245 N. W. 1 (1932). The evidence in this case shows that defense counsel was notified of the report; that no discovery of the written report was attempted; and that there was no attempt made to subpoena the polygraph examiner prior to trial. It is clear that the polygraph report was not newly discovered evidence and that the defendant could have secured it on request. For this reason alone, the contention of the defendant must be rejected.

Moreover, new evidence tendered in support of a motion for a new trial must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. State v. Wycoff, 180 Neb. 799, 146 N. W. 2d 69 (1966); State v. Evans, 187 Neb. 474, 192 N. W. 2d 145 (1971). Here the other damning evidence against the defendant and his companions was insurmountable. Additionally, the

diagnosis of the polygraph examiner would have been inadmissible. Defendant's counsel points out that the prosecutrix' answers in the report indicate the problem of penetration and other inconsistencies with her trial testimony. The penetration problem was admitted by the county attorney to defense counsel prior to trial and at trial there was vigorous cross-examination on this issue by defense counsel. The defendant has not shown new evidence of such a nature as to probably change the verdict. As to other alleged inconsistencies, we have always held that a new trial will not be granted for newly discovered evidence which, when produced, would merely impeach or discredit a witness. State v. Wycoff, *supra;* State v. Evans, *supra.* This is especially true in the present case where the prosecutrix, a female child of the age of 14 years, 5 months, was a member of a special education class in the eighth grade at the time of the offense. As we have previously stated in reviewing a conviction arising out of the same incident: "The report and testimony of the polygraphic operator disclosed that the child was somewhat confused, but the confusion was not germane to the prosecution * * *." State v. Atkinson, *ante* p. 9, 213 N. W. 2d 351 (1973). A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and unless abuse of discretion is shown, its determination will not be disturbed. State v. Evans, *supra;* State v. Wycoff, *supra.*

The judgment of the District Court is correct and is affirmed.

AFFIRMED.

CLINTON, J., dissenting.

I dissent. Defendant at trial was represented by different counsel than on this appeal. Trial counsel failed to preserve for appeal the error in the trial court's denial of the motion of defendant for absolute discharge because of failure to commence trial within 6 months

from the filing of the information as required by section 29-1207, R. S. Supp., 1972. The record clearly demonstrates that such failure resulted wholly from the mistake of the prosecutor in computation of the time and consequent misinformation given the trial court. None of the statutory reasons extending the 6-month period exist. See State v. Alvarez, 189 Neb. 281, 202 N. W. 2d 604.

The inexcusable failure of trial counsel to preserve the error by motion for new trial should shock the conscience of this court. A clear violation of the Sixth Amendment to the Constitution of the United States has occurred. I would note this unassigned error, vacate the judgment of conviction, and direct absolute discharge of the defendant.

McCOWN, J., joins in this dissent.