STATE OF NEBRASKA, APPELLEE, V. JOSEPH CHARLES
SVOBODA, APPELLANT.
234 N. W. 2d 901

Filed November 6, 1975. Nos. 39876, 39877, 39878.

Joseph Charles Svoboda, pro se, and Frank B. Morrison and Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an appeal from judgments entered on pleas of nolo contendere to two charges of burglary and one charge of failure to appear. Defendant was sentenced to a term of 3 to 10 years in the Nebraska Penal and Correctional Complex on one burglary charge, 6 years on the other, and 1 year on the failure to appear, the sentences to run consecutively. Defendant, who was represented by private counsel in the District Court proceedings, appears here by the Douglas County public defender. He has also filed a pro se brief.

Defendant's counsel assigns as error the trial court's participation in plea bargaining discussions undermining the defendant's ability to make a voluntary and intelligent choice among alternative courses of action. Defendant's pro se brief alleges that defendant's pleas were obtained by coercion and were not voluntary and further that counsel representing defendant was ineffective, inadequate, prejudicial, and unethical, denying defendant effective assistance of counsel. We affirm.

Defendant filed notices of appeal in the three cases involved herein. He neglected, however, to file motions for a new trial. Alleged errors not brought to the attention of the trial judge in any way in a motion for a new trial are not entitled to be considered or reviewed

by this court. Hall v. State (1922), 109 Neb. 273, 190 N. W. 898. We have repeatedly held that errors of the trial court must be pointed out to the trial court in a motion for a new trial and a ruling obtained thereon. See State v. Seger (1974), 191 Neb. 760, 217 N. W. 2d 828. See, also, State v. Fauth (1974), 192 Neb. 502, 222 N. W. 2d 561, in which we held: "In criminal cases alleged errors of the trial court not referred to in the motion for a new trial will not be considered on appeal."

The trial in case No. 39876 was interrupted when defendant wished to disqualify his counsel because he had suggested a plea bargain. After discussion, the defendant who had an extensive criminal record, including at least four previous commitments, accepted a plea bargain to plead guilty to the three counts covered in these appeals if the State would dismiss two habitual criminal charges and drop the charge of being a felon in possession of a firearm. If there were any irregularities in the proceedings of the court, it was necessary that they be called to the attention of the trial judge by a motion for a new trial. No motion for new trial under section 29-2101, R. R. S. 1943, was ever filed, and no final order was ever entered with reference to the alleged errors assigned herein. They are not properly presented to us for a decision and will not be considered.

The judgments are affirmed.

AFFIRMED.

McCOWN and CLINTON, JJ., concur in the result only.