285 N.W.2d 703 (1979)
204 Neb. 813
STATE of Nebraska, Appellee,
v.
Tony D. MUNSON, Appellant.
No. 42643.
Supreme Court of Nebraska.
November 27, 1979.
*705 Dennis R. Keefe, Lancaster County Public Defender, and Dennis G. Carlson, Deputy Public Defender, for appellant.
Paul L. Douglas, Atty. Gen., and Linda G. Akers, Asst. Atty. Gen., Lincoln, for appellee.
Heard before KRIVOSHA, C. J., and BOSLAUGH, McCOWN, CLINTON, BRODKEY and WHITE, JJ.
BRODKEY, Justice.
Defendant below, Tony D. Munson, was charged and convicted by the court of driving with more than ten-hundredths of one percent of alcohol by weight in his body fluid, third offense. He was eventually sentenced to imprisonment in the Nebraska Penal and Correctional Complex for a term of 1 year, with 20 days credit for time already served, and was ordered to pay the costs of the action. On January 11, 1979, defendant filed a motion for a new trial, supported by affidavits, pursuant to section 29-2101(5), R.R.S.1943, which motion was overruled by the Lancaster County District Court. He has now appealed to this court from that order, alleging as his sole assignment of error that the trial court erred in failing to grant the motion for a new trial based on newly discovered evidence. We affirm.
By way of background, on October 18, 1977, Tony Munson (hereinafter referred to as Munson), was arrested for operating a motor vehicle while intoxicated. He submitted to a chemical testing of his breath by the Lincoln police department and was found to have at least eighteen-hundredths of one percent by weight of alcohol in his body fluid. Trial to the court was held on February 27, 1978, and, as previously stated, the court found Munson guilty of the offense charged.
At the trial, the arresting officer testified that he had witnessed a vehicle driven by Munson in a northerly direction violate a stop sign, as a result of which the officer stopped the vehicle, observed Munson's actions and speech, concluded that he was intoxicated, and placed him under arrest. Munson did not testify at the trial, and the testimony of the arresting officer as to the events preceding the arrest was uncontroverted.
Sentencing was originally set by the court for July 25, 1978. However, Munson failed to appear for sentencing on that date, and the court thereafter issued a bench warrant for his arrest. Upon Munson's return to this state sentencing was had on December 27, 1978. In addition to sentencing Munson to a term of imprisonment of 1 year in the Nebraska Penal and Correctional Complex, as previously stated, the court also suspended his driving privileges for a period of 1 year from the date of his discharge from confinement.
In support of his motion for a new trial based upon newly discovered evidence, counsel for Munson submitted two affidavits, one from his client, Tony Munson, and the other from David Bruce, who was a passenger in the vehicle operated by Munson on the night of Munson's arrest. In fact, the automobile in question was owned by Bruce's parents. The statements contained in Bruce's affidavit, if true, would tend to contradict the testimony of the arresting officer. Both Bruce and Munson testified at the hearing on the motion for a new trial; and their testimony contradicted that of the arresting officer with regard to the direction the vehicles were traveling, the location of the stop sign in question, and other facts relative to the alleged traffic violation relied upon by the arresting officer as probable cause for stopping Munson's vehicle. It was further adduced at *706 the hearing on the motion for a new trial that Bruce had entered the Marine Corps subsequent to Munson's arrest on the evening in question, but prior to the trial itself. Bruce's whereabouts were purportedly unknown to Munson until shortly before sentencing. Munson testified, however, that he knew Bruce was entering the Marine Corps, that Bruce's parents and his brother resided in Lincoln, and that Bruce lived at home with his parents.
In denying Munson's motion for a new trial, the court stated as follows: "So the Court finds that the matter of the violation of the stop sign, that issue is not newly discovered evidence, material for the defendant which he could not, with reasonable diligence, have discovered and produced at the time of trial. He not only knew about it at the time of arrest, but he did not testify at the time of trial with regard to this issue. And he was present, of course, at the time of trial.
"Now, when we come to the matter of producing the testimony of the witness Bruce, the Court finds that, under the evidence, there was not due diligence and search made for him by which his deposition could have been taken at San Diego or to have him present at the time of trial, the defendant having testified that he knew that this was part of an issue in the case with reference to the stop sign.
"He learned from the brother of the defendant that he was at boot camp in San Diego, California, according to his testimony today; and that could readily have been obtained, his address. Probably the precise address could have been obtained from his parents. And he did not state that the brother could not have given him the address. So there was not reasonable search and inquiry as to the witness Bruce."
We have carefully reviewed the record and find that it fully supports the findings and conclusions of the trial court, as set forth above. It is the general rule that a motion for a new trial under section 29-2103, R.R.S.1943, must be filed within 10 days after the verdict is rendered. State v. Applegarth, 196 Neb. 773, 246 N.W.2d 216 (1976); State v. Lacy, 195 Neb. 299, 237 N.W.2d 650 (1976). However, section 29-2103, R.R.S.1943, provides a limited exception to the above rule, and states: "In any criminal case where it shall be made to appear upon the motion of the defendant for a new trial, supported by affidavits, depositions or oral testimony, that the defendant has discovered new evidence material to his defense which he could not with reasonable diligence have discovered and produced during the term within which the verdict upon which he was sentenced was rendered, the district court may set aside such sentence and grant a new trial; Provided, that such motion is filed within a reasonable time after the discovery of the new evidence; * * *." (Emphasis supplied.) "Reasonable diligence" required of a party seeking a new trial on ground of newly discovered evidence means appropriate action where there is some reason to awaken inquiry and direct diligence in a channel in which it will be successful. Levi v. Oklahoma City, 198 Okla. 414, 179 P.2d 465 (1947).
It must be noted, however, that even if the evidence in this case were considered to have been produced with reasonable diligence, there are additional requirements before a new trial may be granted. The rule is well established that newly discovered evidence must be of such a nature that, if offered and admitted at the former trial, it probably would have produced a substantial difference in result. Such evidence must be relevant and credible, and not merely cumulative. It must involve something other than the credibility of witnesses who testified at the former trial. State v. Smith, 202 Neb. 501, 276 N.W.2d 104 (1979); State v. French, 200 Neb. 137, 262 N.W.2d 711 (1978); Finnern v. Bruner, 170 Neb. 170, 101 N.W.2d 905 (1960). We have stated that new evidence tendered in support of a motion for a new trial on the ground of newly discovered evidence must be so potent that, by strengthening evidence already offered, a new trial would probably result in a different verdict. State v. Seger, 191 Neb. 760, 217 N.W.2d *707 828 (1974); State v. French, supra. The new evidence proffered by the defendant in support of his motion for a new trial does not, in our opinion, even approach the requisite strength and potency required; and, at the most, would only result in a conflict in evidence between the testimony of the arresting officer and the testimony of the witness Bruce. Clearly, such additional evidence would not necessitate a finding that a different verdict would "probably" result.
We conclude that, even assuming that the testimony of Munson's witness, David Bruce, with regard to the direction of travel on the night in question could be considered as "newly discovered evidence," it is clear that Munson could have with reasonable diligence discovered and produced this evidence at the trial. The main issue involved in the State's case against Munson was whether the alleged violation did in fact occur. Munson was present at the trial, but he did not dispute the testimony of the arresting officer. We completely agree with the conclusion of the trial judge that the evidence in question was not "newly discovered evidence."
We also believe it is clear that Munson failed to use reasonable diligence in ascertaining the whereabouts of his witness, Bruce. He knew that Bruce was entering the Marine Corps, that he lived with his parents, and that they resided in Lincoln. He had been to their residence "a couple times" prior to his arrest, and yet he did not inquire of the parents at any time subsequent to the arrest as to Bruce's whereabouts. The most he did was to request Bruce's brother to "get hold of him [David Bruce] to see if he could get back for my trial." Apparently, he failed to pursue the matter further. We reject his contention that he used "reasonable diligence" under the circumstances.
The law is well established that a motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial court and, unless an abuse of discretion is shown, its determination will not be disturbed. State v. Wycoff, 180 Neb. 799, 146 N.W.2d 69 (1966). There was clearly no abuse of discretion in the instant case.
In view of what we have stated above, the order of the trial court denying defendant's motion for a new trial was correct and must be affirmed.
AFFIRMED.