STATE OF NEBRASKA, APPELLEE, v. WESLEY H. PEERY, APPELLANT.

287 N. W. 2d 71

Filed January 8, 1980.  No. 42659.

Stanley D. Cohen, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

After a verdict of guilty on two counts, murder in the first degree and robbery, the defendant, Wesley H. Peery, was sentenced to death for count I and to a term of not less than 16 nor more than 50 years on count II.  On appeal, we affirmed in State v. Peery, 199 Neb. 656, 261 N. W. 2d 95 (1977).  Peery filed a motion for new trial, supported by an affidavit, pursuant to section 29-2102, R. R. S. 1943, which motion

was overruled by the District Court for Lancaster County. Subsequently, defendant filed a motion for rehearing on the motion for new trial based on newly discovered evidence. The court overruled this motion. Defendant appealed to this court alleging certain evidence had been suppressed by the prosecution and that the trial court erred in failing to grant a motion for new trial on the basis of newly discovered evidence. We affirm.

In support of his motions, Peery submitted an affidavit of one Jacky Dean Howard. In this affidavit, made in August 1978, Howard stated that he observed an individual departing from the coin shop at approximately 10:30 a.m., on the morning of the murder.

Two police officers had interviewed Howard on June 6 and another officer on June 7, 1975. Howard reported seeing a motorcyclist attempting to start a motorcycle at a curbside location near the shop, but did not report seeing the individual leave the rare coin shop. After interviewing Howard concerning his observations, the officers discontinued that line of investigation.

The thrust of appellant's argument rests on two grounds: That by failing to disclose the existence of the evidence concerning the motorcyclist, the prosecution suppressed exculpatory evidence, and that Howard's July 1978 statement constitutes newly discovered evidence which warrants the granting of a new trial. We treat each contention separately.

Appellant argues that the police officers' report of the interview with Howard taken prior to trial was exculpatory evidence; consequently, the defendant was denied a fair and impartial trial because the evidence was suppressed by the prosecution. If appellant chooses to couch his argument in the context of "suppressed evidence," the evidence must meet the criteria set out by the United States Supreme Court. These criteria are set forth in United States

v. Agurs, 427 U. S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976), as well as by this court in State v. Atkinson, 191 Neb. 9, 213 N. W. 2d 351 (1973). At the heart of both of these holdings is the requirement that the evidence must be favorable to the accused and is material either to guilt or punishment. The evidence must qualify as "exculpatory evidence" or something the prosecutor was required to produce in order to assure the defendant a fair trial.

In denying Peery's motion for new trial, the court stated: "* * * the Court found nothing in any of the police reports * * * which was of an exculpatory nature as far as the defendant is concerned or which would mitigate the degree of the offense or severity of punishment * * *." The order further stated: "* * * there is nothing in the police reports that were reviewed by the Court that indicated that the motorcyclist who was attempting to start his motorcycle in the street near the Rare Coin Shop had any connection with the robbery and murder of Marianne Mitzner." After reviewing the police report, we do not ascertain even the most tenuous connection between the motorcyclist and the robbery and murder of Marianne Mitzner.

Clearly, all evidence that is not turned over to the defendant does not constitute "suppressed evidence." In Moore v. Illinois, 408 U. S. 786, 92 S. Ct. 2562, 33 L. Ed. 2d 706 (1972), the court said: "We know of no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case." The argument that the prosecution suppressed evidence is totally without merit.

We next consider the police report as well as Howard's statement given in July 1978, under the standards applicable to newly discovered evidence. "The rule is well established that newly discovered evidence must be of such a nature that, if offered and admitted at the former trial, it *probably* would

have produced a substantial difference in result. Such evidence must be relevant and credible, and not merely cumulative. It must involve something other than the credibility of witnesses who testified at the former trial." State v. Munson, 204 Neb. 814, 285 N. W. 2d 703 (1979); State v. French, 200 Neb. 137, 262 N. W. 2d 711 (1978). Howard's testimony, if accepted, at most would only tend to discredit or impeach the testimony of people who had been or were in the coin shop during the period prior to 10:30 a.m., on June 6, 1975.

In denying the motion for new trial, the court concluded that the purported newly discovered evidence supplied by Howard would not have affected the outcome of the trial, and that the evidence does not support the contention that defendant was denied due process. A motion for new trial on the grounds of newly discovered evidence is addressed to the sound discretion of the trial court and, unless an abuse of discretion is shown, its determination will not be disturbed. State v. Munson, *supra.*

We affirm the order of the trial court denying defendant's motion for new trial.

AFFIRMED.

KRIVOSHA, C. J., concurring in part, and in part dissenting.

I recognize that we have previously set down rules concerning the finality of a judgment in a criminal case which, when applied in this case, precludes further consideration concerning the imposition of the death penalty in this case. I would, however, hold that L.B. 711, Laws 1978, applies in all cases in which the sentence has not been executed and, because of my views as expressed in State v. Williams, *ante* p. 56, 287 N. W. 2d 18, would sentence this defendant to life imprisonment for the balance of his natural life rather than to be executed. In all other respects I concur with the majority.