STATE OF NEBRASKA, APPELLEE, v. ROBERT D. BENEDICT, APPELLANT.

276 N. W. 2d 108

Filed March 6, 1979. No. 42183.

Anthony S. Troia, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Defendant, Robert D. Benedict, was charged under section 39-669.07, R. R. S. 1943, with operating or being in the actual physical control of a motor vehicle while under the influence of alcoholic liquor or of any drug or with ten-hundredths of 1 percent or more by weight of alcohol in his body fluid as shown by chemical analysis of his blood, breath, or urine. Defendant was tried to a jury and convicted, following which a hearing was had with reference to the number of prior convictions of defendant for drunk driving, at which hearing it was determined that he had had two prior convictions and that the current offense was his third conviction. The defendant was then sentenced to serve 2 years in the Nebraska Penal and Correctional Complex. He has appealed from that conviction and sentence to this court. We affirm.

Defendant's sole assignment of error is that the jury erred in its finding that defendant was in actual physical control and in operation of his vehicle when arrested for the offense. The facts as revealed and sustained by the record are that on February 27, 1978, at approximately 7:30 p.m., two witnesses observed a blue Ford automobile traveling north on Military Avenue and weaving back and forth across the center line. The driver of the automobile failed to negotiate a curve, and struck a pickup truck parked in a private lot. The accident was also observed by three girls on a porch across the street. The evidence is uncontradicted that the driver of the automobile was the only person in the car at the time, and the defendant was subsequently identified by all the witnesses as the driver of the automobile.

The driver of the automobile then drove away, followed by the two original witnesses, Martin and John McPherson. After observing the driver of the blue automobile park the car, the witnesses drove to a phone booth and notified the police of the accident. They were met by a police officer shortly after 7:39 p.m., and the three of them checked the area in the officer's cruiser for the driver of the car. They observed the defendant walking and identified him as the driver of the blue Ford car, which was approximately one-half block from the place of identification. At the trial Officer Brock expressed his opinion that at that time the defendant was intoxicated, and gave the basis for his opinion, which was that the defendant was staggering and had a strong odor of alcohol on his person and breath, his eyes were bloodshot, and his speech was slurred. Defendant was then placed under arrest and transported to the police station at approximately 8:05 p.m., where Paul Koltz, a criminalist for the Omaha Police Division, administered a breath test to the defendant which resulted in a reading of sixteen-hundredths of 1 percent of alcohol in defendant's blood, which even at that time was six-hundredths of 1 percent over the statutory minimum of ten-hundredths of 1 percent.

In his brief on appeal, appellant argues that although witnesses had identified him as the driver of the vehicle that struck the other vehicle on the occasion in question, none of the State's witnesses testified that defendant was under the influence of intoxicating liquor at the time he was observed in the accident. He states: "Here, assuming defendant was identified positively by all witnesses, certainly does not tend to prove the existence of the key phrase in the State Statute which specifically states one can only be convicted of the offense of drunken driving if he is under the influence of intoxicating liquor *when observed by the charging or complaining parties involved.* Sec. 39-669.07, R. R. S. Neb. 1943, Reissue

1976.'' (Emphasis supplied.) That section contains no such requirement. See, also, State v. Stanosheck, 186 Neb. 17, 180 N. W. 2d 226 (1970). We know of no rule which requires that all of the elements of a criminal offense be proved or testified to by the same witnesses. Here the fact that the defendant was driving the automobile in question at the time it struck the truck in the parking lot was testified to by five witnesses. The fact that defendant was in a clearly intoxicated condition approximately 20 minutes later was testified to by the police officer, whose opinion was shortly thereafter corroborated by the breath test given defendant at the police station. At the time the police officer and the two witnesses saw the defendant, he was near his automobile, which also bore evidence of the damage presumably sustained in the collision in the parking lot. The evidence at the trial, as reflected in the record, is more than ample to justify the conclusion of the jury that the defendant was operating his motor vehicle while under the influence of intoxicating liquor, in violation of section 39-669.07, R. R. S. 1943. The conviction and sentence of the defendant by the District Court were clearly correct, and its judgment must be affirmed.

AFFIRMED.